**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:<br><br>HO WAN KWOK, et. al.,<br>Debtors. | CASE NO.    22-50073 (JAM)<br><br>CHAPTER    11 |
| PACIFIC ALLIANCE ASIA OPPORTUINITY FUND L.P., AND LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br>    Plaintiffs.<br>    v.<br><br>HO WAN KWOK,<br>    Defendant. | ADV. PRO. NO.    22-05032 (JAM)<br><br>Re: ECF Nos.    3 |

## ORDER GRANTING APPLICATION TEMPORARY RESTRAINING ORDER

On November 22, 2022, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") filed a complaint against the Defendant, Ho Wan Kwok, and an application for Temporary Restraining Order and Motion for Preliminary Injunction (the "TRO/PI Motion, " ECF Nos. 3 and 5) seeking to temporarily and preliminarily restrain and enjoin the Defendant, the Defendant's officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with him, from:  (1) posting false and harassing online materials about the Chapter 11 Trustee Luc A. Despins (the "Trustee"), PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives;  (2) publishing online the home addresses and other personal information of the Trustee, PAX's manager PAG's Chairman Shan Weijian, PAX's or PAG's other officers and employees, and their respective relatives (including identifying relatives' employers); and (3)  encouraging, inciting, suggesting, or directly or

indirectly funding protests at the home or office the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).[1]

A hearing on the Application for Temporary Restraining Order was held on an expedited basis on November 23, 2022. During the hearing, counsel for PAX and the Chapter 11 Trustee certified that they made efforts to provide the Defendant with notice of the Application for Temporary Restraining Order and service of the Order Granting Motion to Expedite Hearing on the Application for Temporary Restraining Order prior to the hearing in accordance with Fed. R. Civ. P. 65(b)(1)(B). The Defendant's Chapter 11 counsel was served with the Order Granting the Motion to Expedite Hearing on the Application of Temporary Restraining Order, was served with the Application for Temporary Restraining Order, *see* ECF No. 22, and appeared at and attended the hearing on Application for Temporary Restraining Order. However, the Defendant's Chapter 11 counsel stated on the record that he was not representing the Defendant in connection with the Application for Temporary Restraining Order. The Defendant did not appear at or participate in the hearing.

During the hearing, PAX proffered evidence in support of the Application for Temporary Restraining Order. PAX asserted that it is entitled to the entry of a Temporary Restraining Order against the Defendant based on the information contained in the Declaration of Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions and a letter from Kwok's counsel to the U.S. Trustee filed in the voluntary Chapter 11 case of *In re Kwok*, Case No. 22-50073, ECF Nos. 107 and 531. PAX further asserts that the social media information contained in paragraph 25,

---

[1] On November 23, 2022, this Court granted PAX's Motion to Seal certain pleadings in the adversary proceeding, ECF No. 24, and the Chapter 11 Trustee's Motion to Intervene as a Plaintiff in the adversary proceeding, ECF No. 25.

28, and 31-38 of the TRO/PI Motion establishes that the Defendant has been defaming, harassing, and encouraging and organizing protests against individuals involved in the Defendant's Chapter 11 case, including PAX, family members of PAX's chairman, PAX's counsel, the Chapter 11 Trustee, family members of the Chapter 11 Trustee, and the Chapter 11 Trustee's counsel.  PAX also cites to the Declaration of Peter Friedman filed in support of the TRO/PI Motion. *See* ECF No. 6 and the attached Exhibits 1–3.

In addition to the evidence proffered by PAX, the Trustee proffered evidence in support of the entry of a Temporary Restraining Order against the Defendant which included social media posts/information and screen shots from social media cites of the Defendant.  *See* Trustee's Statement With Respect to Social Media Campaign filed on November 21, 2022, ECF No. 1136 in Case No. 22-50073 at Exhibits A–J.

"It is well established that in this Circuit the standard for an entry of a TRO [(temporary restraining order)] is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (citing multiple cases); *see Ross v. Rell*, 398 F.3d 203, 204–05 (2d Cir. 2005) (applying preliminary injunction standard articulated in *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.* 596 F.2d 70, 72 (2d Cir. 1979) in appeal regarding temporary restraining order).  In addition to injunctive relief under the standard of *Jackson Dairy*, courts sitting in bankruptcy may issue injunctive relief under 11 U.S.C. § 105(a), with the "traditional preliminary injunction standard as modified to fit the bankruptcy context." *Nev. Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (internal citations omitted); *see Ball ex rel. Soundview Elite Ltd. v. Soundview Composite Ltd. (In re Soundview Elite Ltd.)*, 543 B.R. 78, 115 (Bankr. S.D.N.Y. 2016) ("The Court issues a preliminary injunction

under each of Fed. R. Civ. P. 65(a) and Bankruptcy Code section 105(a), each of which provides separate authority for such measures.").

The Complaint in this adversary proceeding seeks temporary and preliminary injunctive relief to protect various individuals and entities from alleged harassment and intimidation related to the Defendant's Chapter 11 case and to protect the integrity of the bankruptcy process. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2nd Cir. 1994). In addition to the injunctive relief that can enter under Fed. R. Civ. P. 65, 11 U.S.C. § 105(a) injunctive relief can enter if (1) there is a likelihood of successful reorganization; (2) there is an imminent irreparable harm to the estate in the absence of an injunction; (3) the balance of harms tips in favor of the moving party; and (4) the public interest weighs in favor of an injunction." *Calpine*, 365 B.R. at 409; *see Soundview Elite*, 543 B.R. at 119; *Lyondell Chemical Co. v. CenterPoint Energy Gas Services (In re Lyondell Chemical Co.)*, 402 B.R. 571, 588–89 (Bankr. S.D.N.Y. 2009).

The evidence proffered by PAX and the Chapter 11 Trustee is sufficient for purposes of issuing a temporary restraining order in this case. Injunctive relief may issue in a bankruptcy case without a showing of imminent irreparable harm "'where the action to be enjoined is one that threatens the reorganization process'" and "'the threat to the reorganization process must be imminent, substantial and irreparable.'" *Calpine*, 365 B.R. at 409–10; *see Lyondell*, 402 B.R. at 590–91.

In the absence of the issuance a temporary restraining order in this case, imminent irreparable harm to both the Estate and to the integrity of the bankruptcy process is likely. The safety of the Trustee and PAG's Chairman and that of their current or former spouses, children, and counsel, will interfere with the Trustee's investigation into potential assets of the Estate. If a temporary restraining order does not issue, any continuing harassment may deter witnesses from

assisting with the Trustee's investigation or deter creditors from filing claims.  Furthermore, the intimidation of the Trustee, a court officer, *see United States v. Crispo*, 306 F.3d 71 (2d Cir. 2002), and interested parties "embarrass[es], burden[s], delay[s] or otherwise impede[s] the reorganization proceedings." *Lyondell*, 402 B.R. at 490.

The balance of the harms weighs in favor of the issuance of a temporary restraining order at this time.  Although the Defendant could argue the issuance of a temporary restraining order would impermissibly restrain his speech, *Near v. Minnesota ex rel. Olson*, 283 U.S. 697 (1931), true threats and defamation, both of which PAX and the Trustee have sufficiently alleged and established for purposes of a temporary restraining order, are not protected free speech. *Compare N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) (defamatory or libelous statements made with actual malice about public officials are not protected) *with Gertz v. Robert Welch Inc.*, 418 U.S. 323 (1974) (defamatory or libelous statements made with some degree of fault about private individuals are not protected); *see United States v. Turner*, 720 F.3d 411 (2d Cir. 2013) (upholding conviction based on true threats as unprotected speech); *see also Patriot Grp. LLC v. Fustolo (In re Fustolo)*, Case No. 13–12692–JNF, Adv. P. No. 15–1015, 2015 WL 411760, at *4 (Bankr. D. Mass. Jan. 30, 2015); *cf. In re GGW Brands, LLC*, Case No. 2:13-bk-15130-SK, 2014 WL 12966865 (Bankr. C.D. Cal. Aug. 4, 2014) (discussing a TRO and preliminary injunction including an injunction against harassing or threatening employees).

Finally, the public has a vested interest in the integrity of the bankruptcy process and court proceedings, and issuing a temporary restraining order serves that purpose.  Bankruptcy is a process through which a debtor's affairs are administered and all claims against the debtor are treated fairly and equitably.  The public benefits from such a system, and for that reason, its integrity must be maintained.  Therefore,

**IT IS HEREBY ORDERED:**

1. The Application for Temporary Injunction is GRANTED and the Defendant is hereby temporarily enjoined from: (1) posting false and harassing online materials about the Chapter 11 Trustee Luc Despins (the "Trustee"), PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives; (2) publishing online the home addresses and other personal information of the Trustee, PAX's manager PAG's Chairman Shan Weijian, PAX's or PAG's other officers and employees, and their respective relatives (including identifying relatives' employers); and (3) encouraging, inciting, suggesting, or directly or indirectly funding protests at the home or office the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).

2. The Defendant is further temporarily enjoined from interfering in any way with the integrity of his Chapter 11 case, the Chapter 11 case of Genever Holdings, LLC, and the Chapter 11 case of Genever Holdings Corporation which have been jointly administered in this Court, including taking any act to, and/or directing or encouraging others to take any act that, threatens, or encourages others to threaten the safety of Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).

3. The Defendant is ordered to remove all existing social media posts that (i) contain personal information about the Trustee, PAX or PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses); and (ii) encourage, incite, or suggest protests, harassment, doxing, or similar conduct toward the Trustee,

any PAX of PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).

4. The terms and conditions of this Temporary Restraining Order shall be immediately effective and enforceable upon its entry.

5. A hearing on the Motion for Preliminary Injunction will be held on December 2, 2022 at 11:00 a.m. and will continue each day until concluded.

6. In accordance with Fed. R. Civ. P. 65(d)(2), the Defendant, the Defendant's officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with the Defendant, the Defendant's officers, agents, servants, employees, and attorneys are bound by this Temporary Restraining Order upon receipt of actual notice by personal service or otherwise.

7. The Trustee and PAX are authorized to serve the parties, the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with the parties, the parties' officers, agents, servants, employees, and attorneys with notice of this Temporary Restraining Order.

8. This Temporary Restraining Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this adversary proceeding to ensure compliance with this Order and for all other purposes related to this adversary proceeding.

Entered at Bridgeport, Connecticut at 6:00 p.m. on November 23, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut