**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>            Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>            Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>            Defendant | Adv. Pro. No.  22-05032 (JAM) |

**TRUSTEE'S MOTION FOR ORDER (I) AUTHORIZING SERVICE OF TEMPORARY
RESTRAINING ORDER BY U.S. MARSHAL SERVICE AND (II) COMPELLING
DEFENDANT TO APPEAR BEFORE THE COURT AT HEARING SCHEDULED FOR
<u>DECEMBER 2, 2022</u>**

Luc A. Despins, as the Chapter 11 Trustee appointed in the chapter 11 case of Ho Wan

Kwok and intervenor in the above-captioned adversary proceeding (the "<u>Trustee</u>"), by and

through his undersigned counsel, respectfully files this motion (the "<u>Motion</u>") requesting entry of

an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (I)

authorizing service of the temporary restraining order entered by this Court on November 23,

2022 [Adv. Proc. Docket No. 26] (the "<u>Temporary Restraining Order</u>") by the U.S. Marshal

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Service upon individuals engaged in protest activities in support of the Debtor/Defendant Ho

Wan Kwok (the "Defendant") and (II) compelling the Defendant to appear before the Court at

the hearing scheduled for December 2, 2022 in this adversary proceeding.  In support of this

Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1.      On November 22, 2022, Pacific Alliance Asia Opportunity Fund L.P. ("PAX")

commenced this adversary proceeding and filed its motion [Adv. Proc. Docket No. 2] (the "PAX

TRO Motion") seeking entry of the Temporary Restraining Order in response to the intimidation

campaign unleashed by the Defendant against the Trustee and PAX.  This intimidation campaign

involves, among other things, (i) the extensive publication online of false and harassing materials

about the Trustee and Shan Weijian ("Mr. Shan"), the chairman of PAG (the parent company of

PAX), as well as counsel to the Trustee and PAX; (ii) the publication online of the home

addresses and other personal information of the Trustee, Mr. Shan, and their family members;

and (iii) the incitement of protests which have taken place outside the homes of the Trustee and

his relatives and Shan family members, and the offices of counsel to the Trustee and counsel to

PAX.

2.      In addition, on November 22, 2022 the Trustee filed a motion to intervene and

joinder in support of the PAX TRO Motion [Adv. Proc. Docket No. 9] (the "Joinder Motion").

3.      Both the PAX TRO Motion and Joinder Motion were the subject of motions to

expedite [Adv. Proc. Docket Nos. 7 and 10], and both were heard and granted at the hearing held

on November 23, 2022, at which neither the Defendant nor counsel to the Defendant appeared.

4.      The Temporary Restraining Order entered on November 23, 2022 provides that

the Defendant is temporarily enjoined from:

(1) posting false and harassing online materials about the Chapter 11 Trustee Luc Despins (the "Trustee"), PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives; (2) publishing online the home addresses and other personal information of the Trustee, PAX's manager PAG's Chairman Shan Weijian, PAX's or PAG's other officers and employees, and their respective relatives (including identifying relatives' employers); and (3) encouraging, inciting, suggesting, or directly or indirectly funding protests at the home or office the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).[2]

5.      In addition, the Temporary Restraining Order enjoins the Defendant from "interfering in any way with the integrity of his Chapter 11 case . . . including taking any act to, and/or directing or encouraging others to take any act that, threatens, or encourages others to threaten the safety of Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses),"[3] and requires the Defendant to remove "all existing social media posts that (i) contain personal information about the Trustee, PAX or PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses); and (ii) encourage, incite, or suggest protests, harassment, doxing, or similar conduct toward the Trustee, any PAX or PAG officers or employees, counsel to the Trustee or PAX, and of their respective relatives (including former spouses)."[4]

6.      The Temporary Restraining Order also provides that, "[i]n accordance with Fed. R. Civ. P. 65(d)(2), the Defendant, the Defendant's officers, agents, servants, employees, and attorneys and **other persons who are in active concert or participation** with the Defendant, the Defendant's officers, agents, servants, employees, and attorneys are bound by this Temporary

---

[2]     Temporary Restraining Order ¶ 1.
[3]     *Id.* ¶ 2.
[4]     *Id.* ¶ 3.

Restraining Order upon receipt of actual notice by personal service or otherwise"[5] and that "[t]he

Trustee and PAX are authorized to serve the parties, the parties' officers, agents, servants,

employees, and attorneys with notice of this Temporary Restraining Order."[6]

7.        The Temporary Restraining Order states that "[a] hearing on the Motion for

Preliminary Injunction will be held on December 2, 2022 at 11:00 a.m. and will continue each

day until concluded."[7]

8.        The Defendant and persons acting in concert or participation with the Defendant

have acted in violation of the Temporary Restraining Order on multiple occasions since its entry,

including through the incitement and holding of protests at the homes of the Trustee and his

family members and Shan family members (including on Thanksgiving Day), as well as outside

the offices of counsel to the Trustee and PAX.  With respect to these violations, the Trustee and

PAX are preparing to file pleadings seeking an order holding the Defendant and those acting in

concert with the Defendant in contempt of court.

<b><u>RELIEF REQUESTED</u></b>

9.        This motion addresses certain issues in connection with the Temporary

Restraining Order, including (a) clarifying the methods for service of process of the Temporary

Restraining Order on individuals who, acting in concert with the Defendant, have engaged in

protests at the homes of the Trustee and his family, as well as outside the offices of counsel to

the Trustee (collectively, "Kwok's Protesters"); and (b) obtaining the Defendant's testimony

regarding his connections to these protests and his compliance or non-compliance with the

Temporary Restraining Order.

---

[5]     *Id. ¶ 6.*
[6]     *Id. ¶ 7.*
[7]     *Id. ¶ 5.*

### A.   Service of Temporary Restraining Order by U.S. Marshal Service

10.   The Trustee intends to attempt service of the Temporary Restraining Order on Kwok's protestors using a private process service.  However, based on the extreme nature of the online attacks upon the Trustee by the Defendant and his supporters, as well as the Defendant having instructed his followers on methods to attempt to avoid the service of subpoenas,[8] the Trustee believes that the use of a private process server is unlikely to be successful.  Moreover, to effectively serve the Temporary Restraining Order on parties in contempt of the Temporary Restraining Order, it is necessary for such parties to be identified for future proceedings, and Kwok's Protestors typically wear face coverings and are likely to refuse to identify themselves, thus precluding their identification by a private process server.

11.   Given the above, the Trustee believes that, should service by a private process server be unsuccessful, it will be appropriate for service of the Temporary Restraining Order upon Kwok's Protestors to be effectuated by the U.S. Marshal Service.  The Trustee has been in communications with the U.S. Marshal Service, which has indicated that it is prepared to effectuate service on Kwok's Protestors if such request is made by the Court in an order.[9] Moreover, the U.S. Marshal Service, if directed by the Court to do so, would have the power to ascertain the identity of Kwok's Protestors.  Indeed, the Trustee understands that the U.S. Marshal Service, if authorized to do so pursuant to an order of the Court, can temporarily detain

---

[8]   2019 Fireman, *2022.11.21 Guo lectures on how to escape subpoenas*, YouTube (Nov. 23, 2022), https://www.youtube.com/watch?v=KkKFfGzb7jE (In which the Defendant, among other things, explains "tricks" to deal with subpoenas, including "if not delivered, it'll be invalid" and "if you are stupid and the subpoena has been delivered, [c]ome to the (Himalaya Global) Alliance and it will be dealt with by the Alliance . . . [t]he Alliance will hire a lawyer, the Rule of Law Foundation will hire a lawyer (for you)."  The Defendant also comments that "not going home" is a "smart" way of avoiding service.)  (Counsel to the Trustee has confirmed the accuracy of the subtitles of this video).

[9]   The Trustee does not purport to bind the U.S. Marshal Service to take or not take any particular action and recognizes that only the U.S. Marshal Service can make representations about its own proposed course of action.

individuals for the purposes of effectuating service (and to use reasonable force to do this),

which, assuming private service is unsuccessful, as is likely to be the case, is the only way to

render the Temporary Restraining Order truly enforceable on Kwok's Protestors.

12.      The Trustee intends to seek this Court's approval of his request for authorization

for the U.S. Marshal Service to serve the Temporary Restraining Order at the December 2, 2022

hearing, at which hearing the Trustee will be in a position to update the Court regarding efforts to

effectuate service using a private process server.

### B.      Defendant Should Be Made to Appear Before Court

13.      Additionally, as noted above, the Defendant has, in the short time since the

Temporary Restraining Order was entered, repeatedly violated the Temporary Restraining Order,

including through the incitement and encouraging of protests at the homes of the Trustee and his

family members and Shan family members (including on Thanksgiving Day), as well as outside

the offices of counsel to the Trustee and PAX.  With respect to these violations, the Trustee and

PAX are preparing to file a motion seeking an order holding the Defendant and those acting in

concern with him in contempt.

14.      It is crucial that the Defendant appear in this Court to explain his actions with

respect to violations of the Temporary Restraining Order by the Defendant and persons acting in

concert with the Defendant.  Moreover, the Court has inherent power to order have the

Defendant to appear and explain such violations of this Court's order.  *See, e.g., NAACP,

Jefferson Cnty. Branch v. Brock*, 619 F. Supp. 846, 852 (D.D.C. 1985) (Finding a court has

inherent power to order a party violating its order to explain itself before the court: "it is within

this Court's discretion to order them to appear before it.").

15.     Further, the Trustee believes that the Defendant will refuse to appear before this

Court absent an order compelling him to do so.   The Trustee understands that PAX's counsel

reached out to the Defendant's counsel (Zeisler & Zeisler) to ask if the Defendant's counsel

would accept service of a subpoena, but there has been no response.

16.     Given the above, the Trustee believes it is crucial for the Court to compel the

Defendant to appear before the Court to explain his actions in connection with the protests and

social media intimidation campaign against the Trustee and PAX, and his compliance or non-

compliance with the Temporary Restraining Order.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Trustee respectfully requests that the court enter an order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this

Motion and granting such other relief as the court deems just and proper.

Dated:    November 29, 2022            LUC A. DESPINS,
             New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: /s/Douglas S. Skalka
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

9

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>               Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>         Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>         Defendant | Adv. Pro. No.  22-05032 (JAM) |

**[PROPOSED] ORDER (I) AUTHORIZING SERVICE OF TEMPORARY RESTRAINING ORDER BY U.S. MARSHAL SERVICE AND (II) COMPELLING DEFENDANT TO APPEAR BEFORE THE COURT AT HEARING SCHEDULED FOR <u>DECEMBER 2, 2022</u>**

Upon the motion (the "<u>Motion</u>")[2] of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Defendant</u>"), for the entry of an order (this "<u>Order</u>") (I) authorizing service of Temporary Restraining Order by the U.S. Marshal Service upon individuals engaged in protest activities in support of the Defendant and (II) compelling the Defendant to appear before the court at a hearing to be held on

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

December 2, 2022, all as further detailed in the Motion; and this Court having jurisdiction to

consider the Motion; and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the *Standing Order of Reference* from the United States District Court for the District

of Connecticut (as amended); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due

and sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

hereby

      ORDERED THAT:

      1.      The Motion is granted as set forth herein.

      2.      The Court directs and authorizes service of the Temporary Restraining Order by

the U.S. Marshal Service upon each of the individuals engaged in protest activities in support of

the Defendant in the vicinity of the following locations:

      a.  200 Park Avenue, New York, New York

      b.  Grand Central Station, New York, New York

      c.  [Address to be provided to U.S. Marshal Service], Larchmont, New York

      d.  [Address to be provided to U.S. Marshal Service], Greenwich, Connecticut

      e.  [Address to be provided to U.S. Marshal Service], Cambridge, Massachusetts

3.      In effectuating service upon each such individual, the U.S. Marshall Service shall review the identification documentation of each such individual and shall record the identification of each such individual in connection with preparing a report of service.

4.      The U.S. Marshal Service is authorized to use reasonable force, to the extent practicable in the judgment of the U.S. Marshal Service, for the limited purpose of temporarily detaining each such individual until the U.S. Marshal Service can obtain identification from any such individual who refuses to accept service of process or attempts to leave the vicinity before service is accomplished.

5.      The Defendant shall appear before the court at the hearing to be held on December 2, 2022 to testify in connection with potential violations of the Temporary Restraining Order.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>                Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>                Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>                Defendant | Adv. Pro. No.  22-05032 (JAM) |

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on November 29, 2022 the foregoing Motion was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing.  Parties may access this filing through the Court's system.

Dated: November 29, 2022
       New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By:    /s/Douglas S. Skalka
     Douglas S. Skalka (ct00616)
     Patrick R. Linsey (ct29437)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 821-2000
     dskalka@npmlaw.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).