## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>　　　　　　Defendant. | Adv. Pro. No. 22-05032 (JAM)<br><br>November 30, 2022 |

### *EX PARTE* JOINT MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. AND THE CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER TO EXPEDITE HEARING AND LIMIT NOTICE ON JOINT MOTION FOR ENTRY OF AN ORDER HOLDING HO WAN KWOK IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH TEMPORARY RESTRAINING ORDER

Now comes Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and the Chapter 11 Trustee (together, the "Movants") and through the instant motion (the "Motion") hereby move the Court for entry of an order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002, 9006, 7065 and 9007 of the Federal

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) ("Kwok" or the "Individual Debtor"), Genever Holdings Corporation ("Genever BVI"), and Genever Holdings LLC (last four digits of tax identification number: 8202) ("Genever US"). The mailing address for the Trustee, Genever BVI, and Genever US is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shortening and limiting notice of the hearing on the *Joint Motion for Entry of an Order Holding Ho Wan Kwok in Civil Contempt for Failure to Comply with Temporary Restraining Order* (the "Joint Contempt Motion")[2] filed by PAX and the Chapter 11 Trustee as set forth in the Proposed Order (the "Order") attached hereto as Exhibit A. In support of its Motion, PAX respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief requested herein is section 105 of the Bankruptcy Code and Bankruptcy Rules 2002, 9006, and 9007.

## BACKGROUND

4. Simultaneously with the filing of the Motion, Movants have filed the Joint Contempt Motion which seeks relief under section 105 of the Bankruptcy Code and Bankruptcy Rules 9014 and 9020, for an order holding Ho Wan Kwok (the "Individual Debtor") in civil contempt for failure to comply with the Court's *Order Granting Application Temporary Restraining Order* [Adv. Pro. ECF No. 26] (the "TRO"), and imposing appropriate sanctions until Kwok complies with his obligations under the TRO.

5. The TRO enjoins the Individual Debtor from:

> (1) posting false and harassing online materials about the [Trustee], PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives; (2) publishing online the home addresses and other personal information of the Trustee, PAX's manager PAG's Chairman Shan Weijian, PAX's or PAG's other officers and employees, and their respective relatives (including identifying relatives' employers); and (3) encouraging, inciting, suggesting, or

---

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Contempt Motion.

> directly or indirectly funding protests at the home or office the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).

TRO at 6. The TRO also orders that the Individual Debtor:

> remove all existing social media posts that (i) contain personal information about the Trustee, PAX or PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses); and (ii) encourage, incite, or suggest protests, harassment, doxing, or similar conduct toward the Trustee, and PAX of PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses).

*Id.* at 6-7.

6. The Joint Contempt Motion is necessitated by the Individual Debtor's escalating behavior and flagrant violation of the TRO.

7. On November 23, 2022, PAX served the Individual Debtor with the TRO in compliance with the Bankruptcy Rules by mailing a copy of the TRO via First Class Mail to both the Individuals Debtor's address of record in Greenwich, Connecticut and his apartment at the Sherry Netherland Hotel in New York, New York *See* Adv. Pro Dkt. No. 31. Further, on November 23, 2022, PAX also sent a copy of the TRO via Federal Express overnight delivery to the same addresses. *See id.*; *see also* Adv. Pro. Dkt. No. 37. At the same time, PAX served the Individual Debtor's attorney via Federal Express pursuant to Bankruptcy Rule 7004(g). *See* Adv. Pro. Dkt. No. 37.[3]

---

[3] While the Individual Debtor's attorney asserted in open Court at the hearing on November 23, 2022 that the Individual Debtor intended to retain additional counsel for this adversary proceeding, the Bankruptcy Rules recognize the continuing duty of the Debtor's underlying bankruptcy counsel when an adversary proceeding is filed. *See* Fed R. Bankr. P. 7004(g); *see also In re Ellis,* No. 12-10350, 2012 WL 4904540, at *2 (Bankr. D. Kan. Oct. 15, 2012) ("Rule 7004(g) requires the plaintiff in an adversary proceeding to serve process on a Debtor'*s attorney to avoid the possibility that a Debtor, represented by counsel in the bankruptcy case, could be served with process in an adversary proceeding, without counsel*'s knowledge, setting up conditions for a default judgment if the Debtor did not respond.")

8. Accordingly, the Individual Debtor has actual notice of the TRO. *See, generally*, *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 129 (2d Cir. 1979).

9. As described in more detail in the Joint Contempt Motion, the Individual Debtor has continually violated the TRO, as accounts associated with Kwok have made dozens of social media posts with "false and harassing online materials" about the Trustee, PAX, PAG, and their counsel and "encouraging, inciting, [and] suggesting" participation in the protests at the office addresses of counsel to the Trustee and PAX. *See* TRO ¶ 1.

10. The continual attacks and harassment—both in-person online—by Kwok and his followers violate the clear and unambiguous terms of the TRO.

11. To ensure the safety and physical well-being of those involved, as well as to protect the orderly administration of this bankruptcy proceeding, Movants respectfully request that the Court promptly set a hearing on the Joint Contempt Motion.

**REQUESTED RELIEF**

12. Movants request entry of the Order expediting the hearing on and limiting notice of the Joint Contempt Motion so that it can be heard on December 2, 2022 at 11:00 a.m., the same date and time the Court has scheduled a hearing on the *Motion for an Order (I) Preliminarily Enjoining the Debtor from Publishing Personal Information About Certain Parties and Their Relatives Online, (II) Directing the Debtor to Remove Any Such Existing Posts, (III) Granting a Temporary Restraining Order in the Event that the Court Orders a Hearing on This Motion, and (IV) Referring the Debtor's Conduct to the US Attorney's Office for the District of Connecticut* [Adv. Pro. ECF No. 3] (the "TRO/PI Motion"). An immediate hearing on the Joint Contempt Motion is necessary because of the serious nature of and repercussions from the Debtor's recent campaign to malign, defame, and harass PAX and PAG, their officers and employees, the Trustee,

and their respective counsel, and the families of the above-mentioned targets, in flagrant violation of the TRO.

13. In pertinent part, Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these Rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion, with or without motion or notice, order the period reduced."

14. Bankruptcy Rules 9007 and 2002(m) give the Court the power to regulate and designate the content, form, and recipients of notices.

15. The Court has scheduled the hearing on the TRO/PI Motion for December 2, 2022 at 11:00 a.m. TRO at 7 ¶ 5.

16. By way of this Motion, Movants request that the Court shorten the notice period so that the Joint Contempt Motion may also be heard at the same date and time as the TRO/PI Motion or as soon thereafter as possible.

17. Additionally, the Motion seeks to limit the notice recipients of the Joint Contempt Motion to the following parties (hereinafter, the "Notice Parties"):

    a. The Individual Debtor (via Federal Express)

    b. Zeisler & Zeisler, P.C., Counsel for the Individual Debtor;

    c. The Office of the United States Trustee;

    d. Counsel for the Official Committee of Unsecured Creditors;

    e. The Chapter 11 Trustee; and

    f. Counsel for the Chapter 11 Trustee.

Movants respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

18. Movants believe the shortened time provides sufficient time for the Notice Parties to raise any objections or concerns regarding the relief sought in the Joint Contempt Motion.

19. Finally, in an effort to preserve the opportunity for a timely hearing under the circumstances, Movants request that the Court shorten notice so that service of the Joint Contempt Motion and the Order on this Motion be served on the Notice Parties by no later than a date certain the Court deems sufficient notice under the circumstances and via e-mail.

*[Signature on following page]*

**WHEREFORE,** Movants respectfully request that the Court enter an order shortening notice of the hearing on the Joint Contempt Motion.

Dated: November 30, 2022
Hartford, CT

| | |
|---|---|
| **LUC A. DESPINS,**<br>**CHAPTER 11 TRUSTEE** | Pacific Alliance Asia Opportunity Fund L.P. |
| By: /s/ *Douglas S. Skalka*<br>   Douglas S. Skalka (ct00616)<br>   Patrick R. Linsey (ct29437)<br>**NEUBERT, PEPE & MONTEITH, P.C.**<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>dskalka@npmlaw.com<br>plinsey@npmlaw.com | By: /s/ *Patrick M. Birney*<br>   Patrick M. Birney (CT No. 19875)<br>   Annecca H. Smith (CT No. 31148)<br>**ROBINSON & COLE LLP**<br>280 Trumbull Street<br>Hartford, CT 06103<br>Telephone: (860) 275-8275<br>Facsimile: (860) 275-8299<br>E-mail: pbirney@rc.com<br>          asmith@rc.com |
| -and- | -and- |
| Nicholas A. Bassett (admitted *pro hac vice*)<br>PAUL HASTINGS LLP<br>2050 M Street NW<br>Washington, D.C., 20036<br>(202) 551-1902<br>nicholasbassett@paulhastings.com | Peter Friedman (admitted *pro hac vice*)<br>Stuart M. Sarnoff (admitted *pro hac vice*)<br>Laura S. Aronsson (admitted *pro hac vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>Email: pfriedman@omm.com<br>          ssarnoff@omm.com<br>          laronsson@omm.com |
| -and- | |
| Avram E. Luft (admitted *pro hac vice*)<br>Douglass Barron (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6079<br>aviluft@paulhastings.com<br>douglassbarron@paulhastings.com | |
| *Counsel for the Chapter 11 Trustee* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney