**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>               Debtors. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>               Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>               Defendant. | Adv. Pro. No. 22-05032 (JAM)<br><br>November 30, 2022 |

**JOINT MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. AND THE CHAPTER 11 TRUSTEE TO SEAL JOINT MOTION FOR ENTRY OF AN ORDER HOLDING HO WAN KWOK IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH TEMPORARY RESTRAINING ORDER AND EXHIBITS 3 AND 4 TO THE DECLARATION OF DOUGLASS BARRON**

      Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and the Chapter 11 Trustee (together

with PAX, the "Movants"), by and through the undersigned counsel, pursuant to District of

Connecticut Local Rule of Civil Procedure (the "Local Civil Rules) 5(e) and District of

Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") 7007-2 and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) ("Kwok" or the "Individual Debtor"), Genever Holdings Corporation ("Genever BVI"), and Genever Holdings LLC (last four digits of tax identification number: 8202) ("Genever US"). The mailing address for the Trustee, Genever BVI, and Genever US is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

9077-1, hereby move (this "Motion") for entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order") permitting the sealed filing of the *Joint Motion for Entry of an Order Holding Ho Wan Kwok in Civil Contempt for Failure to Comply with Temporary Restraining Order* (the "Joint Contempt Motion") and Exhibits 3 and 4 to the *Declaration of Douglass Barron in Support of Joint Motion for Entry of an Order Holding Ho Wan Kwok in Civil Contempt for Failure to Comply with Temporary Restraining Order*.[2]  In support of this Motion, Movants respectfully state as follows:

## BACKGROUND

1.    The Court is by now familiar with the pattern of Kwok's behavior in inciting harassment, both online and in-person, of the Trustee, PAX's manager PAG Chairman Shan Weijian, family members of the Trustee and PAG Chairman Weijian, and counsel to the Trustee (Paul Hastings) and PAX (O'Melveny).  *See, e.g.*, *Complaint for Injunctive Relief* [Adv. Pro. ECF No. 1] (the "Complaint"); *Motion for an Order (I) Preliminarily Enjoining the Debtor from Publishing Personal Information About Certain Parties and Their Relatives Online, (II) Directing the Debtor to Remove Any Such Existing Posts, (III) Granting a Temporary Restraining Order in the Event that the Court Orders a Hearing on This Motion, and (IV) Referring the Debtor's Conduct to the US Attorney's Office for the District of Connecticut* [Adv. Pro. No. 3] (the "TRO/PI Motion").

2.    Following a hearing on the TRO/PI Motion on November 23, 2022, this Court issued the *Order Granting Application Temporary Restraining Order* [Adv. Pro. ECF No. 26] (the "TRO").  Since that time, the Individual Debtor has continually violated the TRO, as accounts associated with Kwok have made dozens of social media posts with "false and harassing online

---

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Contempt Motion.

materials" about the Trustee, PAX, PAG, and their counsel and "encouraging, inciting, [and] suggesting" participation in the protests at the office addresses of counsel to the Trustee and PAX. *See* TRO ¶ 1.

3.      As set forth in the Joint Contempt Motion, a redacted version of which shall be filed contemporaneously herewith, these posts represent an escalating pattern of behavior that violates the clear and unambiguous language of the TRO.  In order to describe the violations of the TRO in sufficient detail, the Joint Contempt Motion and Exhibits 3 and 4 to the Declaration of Douglass Barron necessarily set forth certain types of information (collectively, the "Sensitive Information") that, even if already released into the public sphere by the Debtor and his affiliated organizations, should not be further disseminated through public court filings or argument.  This Sensitive Information includes:

   a.   False and harassing claims about the Trustee, PAX, PAG, and their counsel;

   b.   Information about the relatives of the Chairman of PAG, PAX's manager; the Trustee and his family; and

   c.   Links to social media posts containing the information described in paragraph 3(a) and (b).

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this adversary proceeding and this motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  The statutory bases for the relief requested herein are section 107 of chapter 11 of the United States Code (the "Bankruptcy Code"), Local Civil Rule 5(e) and Local Bankruptcy Rule 9077-1.

## ARGUMENT

5.      Section 107(b)(2) of the Bankruptcy Code provides that:

On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

6.      In addition, section 107(c)(1) of the Bankruptcy Code provides:

(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

7.      Pursuant to the plain language and intent of section 1028(d)(7) of title 18 of the United States Code, "the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . . ."

8.      As described above, Kwok's posts include the type of "scandalous or defamatory matter" addressed by section 107(b)(2) of the Bankruptcy Code.  Further, the Sensitive Information includes "means of identification," such as individuals' home addresses, that is properly protected pursuant to section 107(c)(1) of the Bankruptcy Code.  The presence of protestors at the homes and offices of these individuals and their family members, including carrying photographs of the individuals, demonstrates that the information disseminated by Kwok is such means of identification.  The Sensitive Information set forth in the Joint Contempt Motion and Exhibits 3 and 4 is the same kind of information that this Court has previously found necessary and appropriate to seal.  *See Order Granting Motion to Seal* [Adv. Pro. ECF No. 24].

9.      In order to adequately set forth the grounds supporting the relief and sanctions sought in the Joint Contempt Motion, the Movants must necessarily provide sufficient detail,

including disclosing the Sensitive Information. However, to consolidate and disclose the Sensitive Information on the publicly filed docket may increase the risk of harm to the individuals and entities targeted by the Debtor's social media campaign.

10.     Thus, section 107 of the Bankruptcy Code is clearly applicable to the Sensitive Information that is redacted from the Joint Contempt Motion and Exhibits 3 and 4 to the Declaration of Douglass Barron.

11.     Local Civil Rule 5(e), applicable to this contested matter pursuant to Local Bankruptcy Rule 9077-1, provides for the Court to permit the filing of documents and information under seal. The requisite bases are clearly and compellingly set forth in this Motion and are further included in the proposed order filed herewith; these bases are more than sufficient to justify the Court's sealing of the Sensitive Material. *See* Local Civil Rule 5(e)(3). The filing of the Joint Contempt Motion and Exhibits 3 and 4 in redacted rather than fully-sealed form demonstrates that the relief requested is narrowly tailored to serve these important interests. *See id.*

12.     Pursuant to Local Civil Rule (5)(e)(4), Movants have filed this motion to seal and incorporated memorandum supporting the grounds for sealing. A redacted version of the Joint Contempt Motion and Exhibits 3 and 4 shall be filed contemporaneously herewith, and an unredacted version of the Joint Contempt Motion and Exhibits 3 and 4 shall be filed under seal.

13.     Movants have drafted the Proposed Order granting this Motion to exclude outright disclosure of the Sensitive Information in order to permit it to be filed on the public docket.

## <u>NO PRIOR REQUEST</u>

14.     No previous request for the relief sought herein has been made by PAX or the Chapter 11 Trustee to this or any other court.

*[Signature on following page]*

**WHEREFORE**, Movants respectfully request that the Court grant this Motion, permit the

filing of the unredacted Joint Contempt Motion and Exhibits 3 and 4 under seal, and grant such

other and further relief as the Court deems just and proper.

Dated: November 30, 2022
Hartford, Connecticut

| | |
|---|---|
| **LUC A. DESPINS,**<br>**CHAPTER 11 TRUSTEE** | **PACIFIC ALLIANCE ASIA**<br>**OPPORTUNITY FUND L.P.** |
| By: /s/*Filed with Permission*<br>Douglas S. Skalka (ct00616)<br>Patrick R. Linsey (ct29437)<br>**NEUBERT, PEPE & MONTEITH, P.C.**<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>dskalka@npmlaw.com<br>plinsey@npmlaw.com | By: */s/ Patrick M. Birney*<br>Patrick M. Birney (CT No. 19875)<br>Annecca H. Smith (CT No. 31148)<br>**ROBINSON & COLE LLP**<br>280 Trumbull Street<br>Hartford, CT 06103<br>Telephone: (860) 275-8275<br>Facsimile: (860) 275-8299<br>E-mail: pbirney@rc.com<br>             asmith@rc.com |
| -and- | -and- |
| Nicholas A. Bassett (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>2050 M Street NW<br>Washington, D.C., 20036<br>(202) 551-1902<br>nicholasbassett@paulhastings.com | Peter Friedman (admitted *pro hac vice*)<br>Stuart M. Sarnoff (admitted *pro hac vice*)<br>Laura S. Aronsson (admitted *pro hac vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>Email: pfriedman@omm.com<br>             ssarnoff@omm.com<br>             laronsson@omm.com |
| -and- | |
| Avram E. Luft (admitted *pro hac vice*)<br>Douglass Barron (admitted *pro hac vice*)<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6079<br>aviluft@paulhastings.com<br>douglassbarron@paulhastings.com | |
| *Counsel for the Chapter 11 Trustee* | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2022, a copy of the foregoing was filed electronically and shall be served as required by Local Bankruptcy Rule 9013-2(b), with notice of this filing being sent by email to all Notice Parties by operation of the court's electronic filing system or by First Class U.S. mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties in interest may access this document through the court's CM/ECF System.

*/s/ Patrick M. Birney*
Patrick M. Birney