**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>　　　　　　Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>　　　　　　Defendant | Adv. Pro. No.  22-05032 (JAM) |

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF TRUSTEE'S MOTION TO COMPEL DEBTOR TO APPEAR BEFORE COURT IN PERSON ON <u>DECEMBER 2, 2022</u>**

Luc A. Despins, as Chapter 11 Trustee appointed in the chapter 11 case of Ho Wan Kwok and intervenor in the above-captioned adversary proceeding (the "<u>Trustee</u>"), by and through his undersigned counsel, respectfully submits this supplemental submission in support of his request that Ho Wan Kwok (the "<u>Debtor</u>") be required to appear before this Court in person [Docket No.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

34] (the "Motion to Compel"). In further support of the Motion to Compel, the Trustee states as follows:

## BANKRUPTCY COURT CAN REQUIRE DEBTOR TO APPEAR IN PERSON

1.  Case law clearly supports this Court's authority to require the Debtor to appear before the Court in person. Bankruptcy courts have required in person attendance at hearings in a wide variety of contexts, and they have frequently done so based simply on their inherent authority over the conduct of the cases before them, without pointing to precise provisions of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure. For example:

- In *In re Brouillard*, No. 14-20010 (ASD), 2015 WL 5601325, at *2 (Bankr. D. Conn. Mar. 18, 2015), the Court required that, after an individual chapter 11 debtor failed to adhere to the court's timetable regarding the filing of a plan, the debtor was to appear in person in connection with a hearing to show cause why the case should not be dismissed or converted.

- In *In re Sanibel Diamond Store, LLC*, No. 9:13-bk-15195-FMD, 2014 WL 4102466, at *3 (Bankr. M.D. Fla. Aug. 7, 2014), the debtor lost its previous ability to use cash collateral of creditor and the court ruled the debtor must turn over inventory and cash to the creditor. The managing member of the debtor failed to turn over property, and the court ordered the managing member appear in person to show cause why he should not be held in contempt for such failure to turn over property.

- In *In re Ponzini*, 277 B.R. 399, 401 (Bankr. E.D. Ark. 2002), the court repeatedly ordered the debtor, who was not cooperating with the bankruptcy process, to appear in person in connection with a trustee's turnover motion.

- In *In re Turner*, No. 14-32173, 2019 WL 5485227, at *1 (Bankr. S.D. Tex. Oct. 24, 2019), the court ordered the debtor to appear in person after ordering the debtor's arrest by U.S. Marshals for her failure to turn over vehicles.

- In *In re Tillman*, 2008 WL 8462961 (9th Cir. B.A.P. July 17, 2008), the court ordered that, if documents were not timely filed, a hearing would be conducted at which the debtor would be required to appear in person to show why the bankruptcy case should not be dismissed.

- In *In re Wilson*, No. 18-30832, 2019 WL 856304, at *3 (Bankr. W.D.N.C. Feb. 20, 2019), the court required the preparer of the debtor's bankruptcy petition to appear at a

      hearing to show cause why he should not be sanctioned for violating statute governing bankruptcy petition preparers.

- In *In re Pansier*, No. 18-22297-BEH, 2019 WL 3561593, at *12 n. 10 (Bankr. E.D. Wis. Aug. 5, 2019), the court ordered the debtors to appear at hearings on contested matters in person after the debtors were disrespectful during a telephonic hearing.

- In *In re Ivers*, No. 19-20026-E-13, 2019 WL 6038056, at *3 (Bankr. E.D. Cal. Nov. 8, 2019), the court required a debtor and his counsel to appear in court at the hearing with respect to the counsel's withdrawal in connection with allegations by the debtor of a conspiracy against him.

      2.      The Trustee submits that not only does the Court have the authority to compel the Debtor to attend the December 2, 2022 hearing but that, in light of the very serious allegations contained in the Motion to Compel, the Court should exercise that authority and compel the Debtor to appear at such hearing.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Trustee respectfully requests that the court enter an order, granting the relief requested in his Motion to Compel compelling the Debtor to appear in person, and granting such other relief as the court deems just and proper.

Dated:　　December 1, 2022　　　　　　　LUC A. DESPINS,
　　　　　　New Haven, Connecticut　　　　CHAPTER 11 TRUSTEE

　　　　　　　　　　　　　　　　　　　　By: /s/Douglas S. Skalka
　　　　　　　　　　　　　　　　　　　　　　Douglas S. Skalka (ct00616)
　　　　　　　　　　　　　　　　　　　　　　Patrick R. Linsey (ct29437)
　　　　　　　　　　　　　　　　　　　　　　NEUBERT, PEPE & MONTEITH, P.C.
　　　　　　　　　　　　　　　　　　　　　　195 Church Street, 13th Floor
　　　　　　　　　　　　　　　　　　　　　　New Haven, Connecticut 06510
　　　　　　　　　　　　　　　　　　　　　　(203) 821-2000
　　　　　　　　　　　　　　　　　　　　　　dskalka@npmlaw.com
　　　　　　　　　　　　　　　　　　　　　　plinsey@npmlaw.com

　　　　　　　　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　　　　　　　Nicholas A. Bassett (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　2050 M Street NW
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C., 20036
　　　　　　　　　　　　　　　　　　　　　　(202) 551-1902
　　　　　　　　　　　　　　　　　　　　　　nicholasbassett@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　　　　　　　Avram E. Luft (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Douglass Barron (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　　　(212) 318-6079
　　　　　　　　　　　　　　　　　　　　　　aviluft@paulhastings.com
　　　　　　　　　　　　　　　　　　　　　　douglassbarron@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on December 1, 2022 the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: December 1, 2022                LUC A. DESPINS,
       New Haven, Connecticut        CHAPTER 11 TRUSTEE

                                      By:   /s/Douglas S. Skalka
                                             Douglas S. Skalka (ct00616)
                                             Patrick R. Linsey (ct29437)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 821-2000
                                             dskalka@npmlaw.com