## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) | (Jointly Administered) |
|  | ) |  |
| Debtors.[1] | ) |  |
|  | ) |  |
| Pacific Alliance Asia Opportunity Fund L.P. and Luc A. Despins, Chapter 11 Trustee for the Estate of Ho Wan Kwok, | ) ) ) | Adv. P. No. 22-05032 (JAM) Re: ECF Nos. 3 and 128 |
|  | ) |  |
| Plaintiffs | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Ho Wan Kwok, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Pacific Alliance Asia Opportunity Fund L.P.'s ("PAX") Application

for a Temporary Restraining Order and the Motion for Preliminary Injunction (the "Motion").

(ECF Nos. 3 (redacted) and 5 (sealed).) PAX, *inter alia*, requests the court enjoin Mr. Ho Wan

Kwok (the "Debtor") from various acts relating to an alleged social media and protest campaign

allegedly organized by the Debtor.  Mr. Luc A. Despins, Chapter 11 Trustee (the "Chapter 11

[1] The Debtors in these Chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Trustee") for the estate of the Debtor (the "Estate"), has intervened in this adversary proceeding and joined in the Motion.  (ECF No. 25.)

For the reasons stated in the Memorandum of Decision Granting In Part Motion for Preliminary Injunction (ECF No. 128), the Plaintiffs' Motion is **GRANTED IN PART** as set forth below, the Debtor's cross-motion to dissolve the TRO is **DENIED** as moot, and the Debtor's cross-motion to dismiss is **DENIED**.

**IT IS HEREBY ORDERED:**

1.  The Court issues a preliminary injunction as follows:

(a)  With respect to individual homes and residences of the Plaintiffs and their relatives, the Court issues a "before or about" injunction to preserve the quiet enjoyment of the home, *see Frisby v. Schultz*, 487 U.S. 474 (1988), enjoining the Debtor from protesting, picketing, parading, or displaying or distributing harassing material, at any time, before or about the homes or residences of the Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Chapter 11 Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses);

(b) With respect to individual homes and residences of relatives, the Court issues an injunction to preserve the rule of law, *see Cox v. State of Louisiana*, 379 U.S. 559 (1965), enjoining the Debtor from protesting, picketing, parading, or displaying or distributing harassing material, at any time, within two hundred feet (200 ft.) of the homes of relatives (including former spouses) of the Chapter 11 Trustee, PAX or its affiliates, PAX's or its affiliates' officers or employees, counsel to the Trustee or PAX;

(c)  With respect to individual homes and residences of the Plaintiffs and their

relatives, the Court issues a time, place, and manner restriction injunction to preserve the quiet enjoyment of the home, *see Madsen v. Women's Health Center, Inc*., 512 U.S. 753 (1994); *Frisby v. Schultz*, 487 U.S. 474 (1988), enjoining the Debtor from protesting, picketing, parading, or displaying or distributing harassing material, between 3:00 p.m. (16:00) and 10:00 a.m. (10:00) applicable local time within two-hundred feet (200 ft) of the homes or residences, but not before or about the homes or residences, of the Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses);

(d)  With respect to the offices or workspaces of the Plaintiffs and their relatives, the Court issues an injunction to preserve the rule of law, *see Madsen v. Women's Health Center, Inc*., 512 U.S. 753 (1994); *Cox v. State of Louisiana*, 379 U.S. 559 (1965), enjoining the Debtor from protesting, picketing, parading, or displaying or distributing harassing material, at any time, within thirty-six feet (36 ft.) of any entrance to the offices of the Chapter 11 Trustee, PAX or its affiliates, PAX's or its affiliates' officers or employees, and counsel to the Chapter 11 Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses);

(e) With respect to the offices or workplaces of the relatives, the Court issues an injunction to preserve the rule of law, *see Cox v. State of Louisiana*, 379 U.S. 559 (1965); *Picard v. Magliano*, 42 F.4th 89 (2d Cir. 2022), enjoining the Debtor from protesting, picketing, parading, or displaying or distributing harassing material, at any time, within one hundred feet (100 ft.) of the offices or workplaces of relatives (including former spouses) of the Chapter 11 Trustee, PAX or its affiliates, PAX's or its affiliates' officers or employees, counsel to the Trustee or PAX);

(f) With respect to the offices and workplaces of the Plaintiffs and their relatives, the Court issues a time, manner, and place restriction injunction to preserve the rule of law, *see Madsen v. Women's Health Center, Inc*., 512 U.S. 753 (1994); *Cox v. State of Louisiana*, 379 U.S. 559 (1965); enjoining the Debtor from protesting, picketing, parading, or displaying or distributing harassing material, between 8:00 a.m. (8:00) and 10:00 a.m. (10:00) and between 4:00 p.m. (16:00) and 8:00 p.m. (20:00) applicable local time within one hundred feet (100 ft.) of the offices or workplaces, but not within 36 feet of an entrance to the offices or workplaces, of the Chapter 11 Trustee, PAX or its affiliates, PAX's or its affiliates' officers or employees, counsel to the Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses);

(g) With respect to doxing the Plaintiffs and their relatives, the Court issues an injunction to preserve the quiet enjoyment of the home, *see Frisby v. Schultz*, 487 U.S. 474 (1988), enjoining the Debtor from publishing online the home addresses and other personal information (including, with respect to relatives, relatives' employers) of the Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses); and

(h)  With respect to incitement, the Court issues an injunction in support of the preceding injunctions, *see Madsen v. Women's Health Center, Inc*., 512 U.S. 753 (1994); *Frisby v. Schultz*, 487 U.S. 474 (1988); *Cox v. State of Louisiana*, 379 U.S. 559 (1965), enjoining the Debtor from encouraging, inciting, suggesting, or directly or indirectly funding any activity enjoined by subparagraphs (a)–(g) of this paragraph via any form of communication including, without limitation, social media.

For purposes of this order, "harassing material" shall include (but not be limited to) material that depicts, describes, or accuses the Chapter 11 Trustee, PAX or its affiliates, PAX's or its affiliates' officers or employees, counsel to the Chapter 11 Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses) as Communists, agents of the Chinese Communist Party, extortionists, anti-Semites, racists, supporters of genocide, or otherwise makes similarly disparaging allegations regarding such parties' actions or beliefs. For the avoidance of doubt, counsel for the Chapter 11 Trustee and PAX include, without limitation, Paul Hastings LLP, O'Melveny & Myers LLP, Robinson & Cole LLP, and Neubert, Pepe & Monteith, P.C., and each of the lawyers and employees of the foregoing law firms (the lawyers of each such law firm include without limitation those lawyers listed on each law firm's website). For the further avoidance of doubt, the specific locations at which protesting, picketing, parading, or displaying or distributing harassing material are prohibited, within the above specified parameters, by this Order include, without limitation, (i) in the lobby of and on the streets and sidewalks bordering and surrounding Paul Hastings' office at 200 Park Avenue in New York City; (ii) in the lobbies of and on the streets and sidewalks bordering and surrounding O'Melveny & Myers' offices at 7 Times Square, New York City and 1625 Eye Street, NW Washington, DC; and (iii) on the property of and on the streets and sidewalks bordering and surrounding the homes and residences of all the individuals referenced in the first sentence of this paragraph.

2. The Debtor is further preliminarily enjoined from interfering in any way with the integrity of his Chapter 11 case, the Chapter 11 case of Genever Holdings, LLC, and the Chapter 11 case of Genever Holdings Corporation, which have been jointly administered in this Court, including taking any act to, and/or directing or encouraging others to take any act that, threatens,

or encourages others to threaten the safety of Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Chapter 11 Trustee or PAX, and any of their respective relatives (including former spouses).

3.   The Debtor is directed to take down all existing social media posts on accounts he uses or controls, including, without limitation, the Gettr accounts with the (former) handles @Miles, @MilesGuo, and @MilesGuoLive, that (a) the home addresses and other personal information (including, with respect to relatives, relatives' employers) of the Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Chapter 11 Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses); and/or (b) encourage, incite, or suggest any activity enjoined by paragraphs 1 and/or 2 of this Order.

4.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.   In accordance with Fed. R. Civ. P. 65(d)(2), the Debtor, his officers, his agents, his servants, his employees, his attorneys, and other persons who are in active concert or participation with the Debtor, his officers, his agents, his servants, his employees, and his attorneys are bound by this Order upon receiving actual notice by personal service or otherwise. For the reasons stated above, the Court has found that (a) the individuals Fay Fay, Beile Li, Huo Lai, Pamela Tsai, Roy Guo, Jiao Bing Shang, Shan Mu, Yaqin Li, Ziheng Cheng, and Elliot Dordick and (b) the entities NFSC, Himalaya, ROLF, and G-Series entities, including, without limitation, GTV and G-News, as well as any persons or entities acting at their direction or on their behalf are the Debtor's officers, agents, servants, employees, attorneys, and/or other persons who are in active concert or participation with the Debtor, his officers, his agents, his servants, his employees, and his attorneys.

6. The Chapter 11 Trustee and/or PAX are authorized to serve the Debtor, his officers, his agents, his servants, his employees, his attorneys, and other persons who are in active concert or participation with the Debtor, his officers, his agents, his servants, his employees, and/or his attorneys, including, without limitation, the persons and entities explicitly listed in paragraph 5, with notice of this Order.

7. This Order shall remain in effect until (a) further order of this Court, (b) the dismissal or closure of the Debtor's Chapter 11 case, or (c) one year after its entry, unless further order of this Court extends its duration.

8. The Court shall retain jurisdiction over this adversary proceeding to ensure compliance with this Order and for all other purposes related to this Adversary Proceeding. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and/or enforcement of this Order.

9. For the avoidance of doubt, the TRO is dissolved upon entry of this Order.


Dated at Bridgeport, Connecticut this 11th day of January, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut