**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>　　　　　　Defendant | Adv. Pro. No.  22-05032 (JAM) |

**TRUSTEE'S EMERGENCY AMENDED MOTION FOR, AND MEMORANDUM OF
LAW IN SUPPORT OF, ORDER AUTHORIZING AND DIRECTING SERVICE OF
PRELIMINARY INJUNCTION ORDER BY U.S. MARSHALS SERVICE
(FILED IN COMPLIANCE WITH DOCKET NO. 135)**

Luc A. Despins, as the Chapter 11 Trustee appointed in the chapter 11 case of Ho Wan Kwok and intervenor-plaintiff in the above-captioned adversary proceeding (the "Trustee"), by and through his undersigned counsel, respectfully files this emergency amended motion and memorandum of law (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing service of the preliminary injunction order entered by this Court on January 11, 2023 [Adv. Proc. Docket No. 129], as

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

corrected on January 13, 2023 [Adv. Proc. Docket No. 134] (the "Preliminary Injunction Order") by the U.S. Marshals Service upon individuals engaged in activities in violation of the Preliminary Injunction Order. In support of this Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. On January 11, 2023, the Court issued the Preliminary Injunction Order. The Preliminary Injunction Order was issued in connection with this adversary proceeding, commenced by Pacific Alliance Asia Opportunity Fund L.P. ("PAX" and, together with the Trustee, the "Plaintiffs"), which filed a motion [Adv. Proc. Docket No. 2] (the "PAX PI Motion") seeking entry of a temporary restraining order (the "Temporary Restraining Order"), as well as the Preliminary Injunction Order, in response to the intimidation campaign unleashed by the Debtor/Defendant Ho Wan Kwok (the "Defendant") against the Trustee and PAX.

2. The Trustee filed a previous version of this Motion on November 29, 2022 seeking similar relief with respect to service of the Temporary Restraining Order. *See Trustee's Motion for Order (i) Authorizing Service of Temporary Restraining Order by U.S. Marshal Service and (ii) Compelling Defendant to Appear Before the Court at Hearing Scheduled for December 2, 2022* [Adv. Proc. Docket No. 34]. However, that motion was tabled pending the outcome of the PAX PI Motion.

3. On January 13, 2023, the Court entered an order on the docket directing the Plaintiffs to submit a brief in support of the relief requested in the motion by January 17, 2023 [Adv. Proc. Docket No. 135].

4. In the mere days since the Court issued the Preliminary Injunction Order, persons in active concert or participation with the Defendant have been violating the time and place

2

restrictions of the Preliminary Injunction Order. But, at this time, the Trustee only seeks an order authorizing service of the Preliminary Injunction Order by the U.S. Marshals Service. The Trustee and PAX reserve the right to seek additional relief at a later date, including moving this Court for an order directing the U.S. Marshals Service to enforce the Preliminary Injunction Order (for example, as to minimal distances and/time restrictions) against those not abiding by its restrictions .

## RELIEF REQUESTED

5. This Motion seeks Court approval of an alternative method for service of process of the Preliminary Injunction Order on individuals who, in active concert with the Defendant (collectively, "Kwok Agents"), have engaged in protests that are prohibited under the Preliminary Injunction Order,[2] and provides a legal basis for that alternative method.

6. Although the Preliminary Injunction Order authorizes service by private process server, based on (i) the extreme nature of the online attacks instigated by the Defendant, (ii) Kwok Agents' blatant disregard of the Temporary Restraining Order and ongoing disregard of the Preliminary Injunction Order, (iii) the Defendant previously having instructed his followers on methods to avoid the service of subpoenas,[3] and (iv) the Trustee having previously (and unsuccessfully) attempted to serve the Kwok Agents with the Temporary Restraining Order

---

[2] The Trustee has taken the liberty of including in the Proposed Order a list of the activities prohibited in the Preliminary Injunction Order in order to simplify the process of enforcement of the Proposed Order by the U.S. Marshals Service.

[3] *See Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction* [Adv. Proc. Docket No. 133], ¶ 44 ("the Debtor participated in an internet broadcast . . . and advised the audience to avoid receipt of subpoenas by, inter alia, not going home."). *See also* 2019 Fireman, *2022.11.21 Guo lectures on how to escape subpoenas*, YouTube (Nov. 22, 2022), https://www.youtube.com/watch?v=KkKFfGzb7jE (In which the Defendant, among other things, explains "tricks" to deal with subpoenas, including "if not delivered, it'll be invalid" and "if you are stupid and the subpoena has been delivered, [c]ome to the (Himalaya Global) Alliance and it will be dealt with by the Alliance . . . [t]he Alliance will hire a lawyer, the Rule of Law Foundation will hire a lawyer (for you)." The Defendant also comments that "not going home" is a "smart" way of avoiding service.) (Counsel to the Trustee has confirmed the accuracy of the subtitles of this video).

through a private service firm, the Trustee submits that the U.S. Marshals Service will provide the most effective means of service under the unusual circumstances presented here. Moreover, to effectively serve the Preliminary Injunction Order on parties in contempt of the Preliminary Injunction Order, it is necessary for such parties to be identified for future proceedings, and Kwok Agents typically wear face coverings and may refuse to identify themselves, thus precluding their identification by a private process server.

## BASIS FOR RELIEF

7. It is well established that bankruptcy courts may utilize the U.S. Marshals Service to assist in the service and enforcement of court orders, and to evict, detain, or even arrest parties who fail to cooperate with bankruptcy court orders. *See SLK Assocs., Inc. v. Mia. Money Store, Inc. (In re SLK Assocs., Inc.)*, 166 B.R. 985, 988 (Bankr. S.D. Fla. 1994) (ordering service of temporary restraining order by U.S. Marshal on non-debtor defendants to prevent destruction of evidence); *In re Duran*, 347 B.R. 760, 764 (Bankr. D. Colo. 2006) (ordering a U.S. Marshal to serve a court order on a non-debtor party whose previous service address was no longer valid); *In re Carrico*, 206 B.R. 447, 452 (Bankr. S.D. Ohio 1997) ("The United States Marshal's services were used to serve the Second Order [on the debtor and his attorneys who had been ignoring previous court orders] to ensure the parties had notice and the prompt recovery of the funds."); *Burtch v. Masiz (In re Vaso Active Pharms., Inc.)*, 514 B.R. 416, 426 (Bankr. D. Del. 2014) (authorizing U.S. Marshals to bring individual violating court order before the court); *In re Madden*, 576 B.R. 579, 579–80 (Bankr. W.D. Mich. 2017) ("Given the Debtors' disturbing history of disobedience of the court's prior orders in this matter, the court is inclined to direct the United States Marshal to arrest them to compel compliance with the Turnover Order. . . . Accordingly, the court will issue two arrest warrants."); *In re Hall*, 443 B.R. 59, 60 n.1 (Bankr. D. Md. 2010) ("As a result [of a debtor's failure to cooperate with Trustee], the court passed an

extraordinary order to compel her cooperation, directing the Debtor to vacate her residence and issuing a writ of assistance to the Trustee so that the office of the United States Marshal would aid in the eviction."); *United States v. Krause (In re Krause)*, No. 05-17429, 2009 WL 243398, at *18 (Bankr. D. Kan. Jan. 30, 2009) ("Failing their satisfying the Trustee and the Court that [Debtors' relatives had purged their contempt of the court's TRO, preliminary injunction, and asset disclosure order], the United States Marshals Service will be ordered to apprehend and detain [the debtor-defendant and his brother-defendant] until such time as they have purged their contempt by completing this title reinstatement.").

8. These cases, coupled with the indisputable fact that the Kwok Agents previously flouted and violated the Temporary Restraining Order and have been violating the Preliminary Injunction Order, make it appropriate for the Court to order service of the Preliminary Injunction Order upon the Kwok Agents to be effectuated by the U.S. Marshals Service. The Trustee had been in communications with the U.S. Marshals Service at the time of the entry of the Temporary Restraining Order, and the U.S. Marshals Service had indicated, at the time, that it was prepared to effectuate service on Kwok Agents if such request was expressly made by the Court in an order.[4] Moreover, the U.S. Marshals Service, if directed by the Court to do so, would have the power to ascertain the identity of Kwok Agents.

**Defendant Does Not Have Standing to Be Heard Regarding Service of the Preliminary Injunction Order**

9. The Court should not permit the Defendant to be heard in connection with the Motion, as the Defendant does not have standing regarding service upon Kwok Agents when the Defendant, and the agents themselves, have repeatedly argued—albeit falsely, as the Court has

---

[4] The Trustee does not purport to bind the U.S. Marshals Service to take or not take any particular action and recognizes that only the U.S. Marshals Service can make representations about its own proposed course of action.

5

determined—that they have no connection to the Defendant and are not subject to his control.  *See Opposition to Joint Motion For Entry of an Order Holding Ho Wan Kwok in Civil Contempt for Failure to Comply with Temporary Restraining Order*, at 4 [Adv. Proc. Docket No. 112] ("The unrebutted testimony from protesters at the Preliminary Injunction hearing was that Mr. Kwok did not order, recommend, fund, support, or in any way suggest that they protest."); *id.* at 7 ("It is impossible for Mr. Kwok to take down purportedly offending social media posts on accounts over which he has no control.") (emphasis added); *Ho Wan Kwok's Objection to Motions for a Preliminary Injunction and Cross-Motion to Vacate the November 23, 2022 Order Granting Application for a Temporary Restraining Order*, at 14 [Adv. Proc. Docket No. 58] ("[T]he persons whose behavior forms the basis for the preliminary injunction and the TRO have themselves denied Mr. Kwok's alleged involvement with their posts and protests.").  If the Defendant does not control the Kwok Agents, and the Defendant's counsel does not represent the Kwok Agents, they should not now be permitted to be heard in connection with a motion simply seeking to serve a court order upon the Kwok Agents.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other relief as the Court deems just and proper.

Dated:    January 17, 2023                LUC A. DESPINS,
             New Haven, Connecticut       CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

Pacific Alliance Asia Opportunity Fund L.P. hereby joins in the Trustee's Motion.

                        PACIFIC ALLIANCE ASIA
                        OPPORTUNITY FUND L.P.

                        By: */s/ Patrick M. Birney*
                        Patrick M. Birney (CT No. 19875)
                        Annecca H. Smith (CT No. 31148)
                        ROBINSON & COLE LLP
                        280 Trumbull Street
                        Hartford, CT 06103
                        Telephone: (860) 275-8275
                        Facsimile: (860) 275-8299
                        E-mail: pbirney@rc.com
                                asmith@rc.com

                           *and*

                        Peter Friedman (admitted pro hac vice)
                        Stuart M. Sarnoff (admitted pro hac vice)
                        O'MELVENY & MYERS LLP
                        Seven Times Square
                        New York, NY 10036
                        Telephone: (212) 326-2000
                        Facsimile: (212) 326-2061
                        Email: pfriedman@omm.com
                                ssarnoff@omm.com
                                laronsson@omm.com

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Ho Wan Kwok,<br><br>　　　　　　Defendant | Adv. Pro. No. 22-05032 (JAM) |

**[PROPOSED] ORDER AUTHORIZING AND DIRECTING SERVICE OF PRELIMINARY INJUNCTION ORDER BY U.S. MARSHALS SERVICE**

Upon the motion and memorandum of law (the "Motion"),[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Defendant"), for the entry of an order (this "Order") authorizing service of the Preliminary Injunction Order by the U.S. Marshals Service upon individuals engaged in protest activities prohibited by the Preliminary Injunction Order, all as further detailed in the Motion; and this Court having jurisdiction to consider the Motion; and the relief requested therein in

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Estate, its creditors, and all parties in interest, and necessary to protect the integrity of these bankruptcy cases; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Court authorizes and directs service of the Preliminary Injunction Order by the U.S. Marshals Service upon each of the individuals engaged in protest activities violating the Preliminary Injunction Order (as described in paragraph 6 hereof) in the vicinity of the following locations:

    a. 200 Park Avenue, New York, New York;

    b. Grand Central Station, New York, New York;

    c. 7 Times Square, New York, NY 10036;

    d. 1625 Eye Street, NW, Washington, DC 20006;

    e. [Address to be provided to U.S. Marshals Service], Los Angeles, California;

    f. [Address to be provided to U.S. Marshals Service], Culver City, California;

    g. [<u>Address to be provided to U.S. Marshals Service</u>], Larchmont, New York;

    h. [<u>Address to be provided to U.S. Marshals Service</u>], Greenwich, Connecticut;

    i. [<u>Address to be provided to U.S. Marshals Service</u>], Cambridge, Massachusetts;

    j. [<u>Address to be provided to U.S. Marshals Service</u>], Beverly Hills, California;

    k. [<u>Address to be provided to U.S. Marshals Service</u>], Atherton, California;

    l. [<u>Address to be provided to U.S. Marshals Service</u>], Baltimore, Maryland;

    m. [<u>Address to be provided to U.S. Marshals Service</u>], New York, New York;

    n. [<u>Address to be provided to U.S. Marshals Service</u>], Amagansett, New York.

3. The Trustee or Pacific Alliance Asia Opportunity Fund L.P. may move the Court at a later date to add addresses to the list above, if needed.

4. In effectuating service upon each such individual, the U.S. Marshals Service shall review the identification documentation of each such individual and shall record the identification of each such individual in connection with preparing a report of service.

5. The U.S. Marshals Service is authorized to use reasonable force, to the extent practicable in the judgment of the U.S. Marshals Service, for the limited purpose of temporarily detaining each such individual until the U.S. Marshals Service can obtain identification from, or ascertain the identity of, any such individual.

6. To facilitate enforcement by the U.S. Marshals Service of this Order—consistent with, but not in any way limiting, the Preliminary Injunction Order—a person shall be "engaged in protest activities violating the Preliminary Injunction Order" within the meaning of paragraph 2 above if he or she engages in protest activities:

(a) at any time "before or about" —i.e., in front of the property line—of the homes and residences (including residential buildings) of the Trustee, PAX or PAG personnel, and/or their respective counsel (collectively, the "Protected Parties") ;

(b) within 200 feet of the property line of the Protected Parties' homes or residences between the hours of 3 p.m. (15:00) and 10 a.m. (10:00) prevailing local time;

(c) at any time within 200 feet of property line of the homes or residences of the relatives (including former spouses) of the Protected Parties;

(d) at any time that in any way directly or indirectly threatens the safety of the Protected Parties or Relatives;

(e) at any time within thirty-six feet (36 ft) of any entrance of the Protected Parties' offices or workspaces (which may include universities and schools);

(f) at any time within one-hundred feet (100 ft) of the Relatives' offices or workspaces (which may include universities and schools);

(g) within one-hundred feet (100 ft) of the Protected Parties' offices or workspaces (which may include universities and schools) between the hours of 8 a.m. (8:00) and 10:00 a.m. (10:00) and between 4:00 p.m. (16:00) and 8:00 p.m. (20:00) prevailing local time;

(h) (I) in the lobby of and on the streets and sidewalks bordering and surrounding Paul Hastings' office at 200 Park Avenue in New York City; (II) in the lobbies of and on the streets and sidewalks bordering and surrounding O'Melveny & Myers' offices at 7 Times Square, New York City and 1625 Eye Street, NW Washington, DC; and (III) on the property of and on the streets and sidewalks bordering and surrounding the homes and residences of the Protected Parties.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Ho Wan Kwok,<br><br>　　　　　　　Defendant | Adv. Pro. No.  22-05032 (JAM) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 17, 2023, the foregoing amended motion (and all attachments thereto) was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system.  Parties may access these filings through the Court's CM/ECF system.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: January 17, 2023
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com