UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) | (Jointly Administered) |
|  | ) |  |
| Debtors.[1] | ) |  |
|  | ) |  |

## ORDER DIRECTING THE PARTIES TO MEDIATION

Pursuant to D. Conn. Bankr. L.R. 9019-2 (a), the Court orders Mr. Ho Wan Kwok (the "Debtor"), Mr. Luc A. Despins (the "Chapter 11 Trustee"), Genever Holdings Corporation, Genever Holdings LLC, Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), the Official Committee of Unsecured Creditors (the "Committee"), HK International Funds Investments (USA) Ltd. LLC, Bravo Luck Ltd., Greenwich Land LLC, Golden Spring (New York) Ltd., Lamp Capital LLC, Ms. Hing Chi Ngok, Mr. Qiang Guo, and Ms. Mei Guo (each a "Party" and, collectively, the "Parties") to mediate the disputes in these Jointly Administered Chapter 11 cases and certain adversary proceedings, including without limitation *HK Int'l Funds Invs. (USA) Ltd. v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) and *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Adv. P. No. 22-05032 (JAM), with the Honorable James J. Tancredi, United States Bankruptcy Judge (the "Mediator").

---

[1] The Debtors in these Jointly Administered Chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (case number: 22-50592 (JAM); last four digits of tax identification number: 8202) and Genever Holdings Corporation (case number: 22-50542 (JAM)). The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

These Chapter 11 bankruptcy cases and related adversary proceedings are headed in the wrong direction. The dynamic among the Parties is in need of rehabilitation. Mediation, at this juncture, is more than warranted for the reasons set forth below.

The Debtor filed his voluntary Chapter 11 petition in this Court on February 15, 2022. (ECF No. 1.) On several occasions, including during the first two months of the case, the Debtor has declared his wish to fairly and equitably resolve the claims of his creditors in these cases. (*See* Debtor's Declaration, ECF No. 107 ¶ 3.)

Among early developments in the Debtor's Chapter 11 case, the Debtor's largest creditor, PAX, filed a Motion to Dismiss or Convert the Debtor's case. (ECF No. 183, the "Motion to Dismiss.") Although the facts surrounding the Motion to Dismiss are complex, on June 15, 2022, the Court entered a Memorandum of Decision and Order Denying Motion to Dismiss Without Prejudice and Granting Joinder to Motion for Appointment of Chapter 11 Trustee. (ECF No. 465.) *In re Kwok*, 640 B.R. 514 (Bankr. D. Conn. 2022). On July 8, 2022, Mr. Luc A. Despins was appointed as the Chapter 11 Trustee. (ECF No. 523.)

Since the appointment of the Chapter 11 Trustee, the Debtor, PAX, the Chapter 11 Trustee, and other parties have filed numerous and extensive pleadings in these Chapter 11 cases. A multitude of issues have been brought before the Court, including, in pertinent part, numerous discovery issues relating to the Chapter 11 Trustee's investigation into the assets of the Debtor, (*See* Main Case ECF Nos. 756–58, 856, 923, 995, 1046, 1184, 1303); issues relating to the Debtor's Chapter 11 bankruptcy estate's (the "Estate") interest in certain properties and the commencement of several adversary proceedings concerning certain assets which may be property of the Estate (*See, e.g.*, *HK Int'l Fund Invs. (USA) Ltd. LLC v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn.) and *Despins ex rel. Kwok v. Bravo Luck Ltd.*,

Adv. P. No. 22-05027 (JAM) (Bankr. D. Conn.)); and issues relating to the Chapter 11 Trustee's control of the Debtor's economic and corporate governance rights (*See* Main Case ECF No. 717, the "Corporate Governance Order").

Recently, after a four-day evidentiary hearing during which 100 exhibits were introduced, the Court issued a preliminary injunction relating to an ongoing protest and social media campaign directed against the Chapter 11 Trustee and others (Corrected Order Granting in Part Motion for Preliminary Injunction, *Pac. All. Asia Opportunity Fund v. Kwok* (*In re Kwok)*, Adv. P. No. 22-05032 (JAM) (Bankr. D. Conn. Jan. 13, 2023), ECF No. 134). During the hearing, the Debtor and his counsel testified that the Debtor and PAX had been involved in negotiations to reach a global resolution of the issues in these cases and that a settlement meeting was held with the Trustee in November, 2022.

The Debtor also recently filed a Motion to Remove the Trustee. (ECF No. 1274, the "Motion to Remove.") In the Motion to Remove, the Debtor continues to assert that he wishes to "work constructively to maximize recoveries to creditors in an efficient and expeditious way," but states he "will not deal with the Trustee." The Committee and PAX have both filed objections to the Motion to Remove, contending that it is the Debtor – not the Trustee – who is impeding cooperation and constructive action in these bankruptcy cases. (ECF Nos. 1313 and 1325.) PAX for its part, however, remains "hopeful that a global settlement can be reached."

Most recently, an order holding the Debtor in contempt of the Court's Corporate Governance Order was issued (ECF No. 1372). Furthermore, the Court is holding on January 26, 2023, regarding the Debtor's alleged interference with the Proof of Claim process in these cases. (ECF No. 1345.)

While a global settlement may remain elusive, the Court believes that mediation will set the Parties on the path towards constructive dispute resolution.

Accordingly, pursuant to D. Conn. L. Bankr. R. 9019-2(a), it is hereby

**ORDERED:**  The Parties are referred to the Mediator at the United States Bankruptcy Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, 7th Floor, Hartford, CT  06103 for mediation (the "Mediation"); and it is further

**ORDERED:**  Counsel for the Parties and Parties without counsel or record are directed to immediately contact the Mediator by email directed to the Hartford courtroom deputy email box of the United States Bankruptcy Court for the District of Connecticut (CourtroomDeputy_Hartford@ctb.uscourts.gov); and it is further

**ORDERED:**  The Mediator may meet in private conference with less than all of the Parties and/or their counsel.  At his discretion, the Mediator may conduct the Mediation in person, via video conference, or via audio conference, or any combination thereof.  The Mediation will include more than one session.  At the discretion of the Mediator, after consultation with the Parties, the Mediator may mediate different issues on different dates with one, some, or all of the Parties and/or their counsel.

**ORDERED:**  The Mediation will begin on January 30, 2023, and shall continue through March 3, 2023, unless further Order of this Court shall extend or abridge its duration; and it is further

**ORDERED:**  An individual with final authority to settle the controversies and bind each Party shall attend the Mediation on behalf of each Party; and it is further

**ORDERED:** Information obtained by the Mediator, either in written or oral form, shall be **CONFIDENTIAL** and shall not be revealed by the Mediator unless or until the Party who provided that information agrees to its disclosure; and it is further

**ORDERED:** The Mediator shall not, without the prior written consent of all the Parties, disclose to any Court any matters which are disclosed to him by any of the Parties or any matters which otherwise related to the Mediation; and it is further

**ORDERED:** The Mediation shall be considered a settlement negotiation for the purpose of all federal and state laws protecting disclosures made during such conferences from later discovery or use in evidence. The entire Mediation process shall be **CONFIDENTIAL, AND NO STENOGRAPHIC, WRITTEN, ELECTRONIC, OR ANY OTHER FORM OF RECORDING OR INTERNET POSTING SHALL BE MADE EXCEPT TO MEMORIALIZE A DEFINITIVE SETTLEMENT AGREEMENT.** All communications and conduct, oral or written, during the Mediation by any Party or a Party's agent, employee, or attorney are **CONFIDENTIAL** and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the Parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of having been used in connection with this Mediation process; and it is further

**ORDERED:** Parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in

connection with the Mediation; and (iii) shall not offer in evidence any statements, views or opinions of the Mediator; and it is further

**ORDERED:**  The Mediator and his agents shall have absolute judicial immunity as provided under State and Federal laws, including the common law, from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation; and it is further

**ORDERED:**  The Court will hold the hearings presently scheduled to be held on January 24, 26, and 31, 2023.  Following those hearings, during the Mediation, absent compelling cause, all hearings in these Jointly Administered Chapter 11 cases and related adversary proceedings, are stayed, including without limitation all hearings in *HK Int'l Funds Invs. (USA) Ltd. v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) and *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Adv. P. No. 22-05032 (JAM).  The Parties are ordered and directed to negotiate in good faith and encouraged to refrain from legal process which can be deferred, addressed by consensus, or duly considered by the Mediator; and it is further

**ORDERED:**  During the Mediation, there will be no release of escrowed funds pursuant to the Lady May Stipulation (ECF No. 299); and it is further

**ORDERED:**  The Mediator is authorized to seek any amendments to this Order during the Mediation the Mediator believes is necessary to assist with the Mediation; and it is further

**ORDERED:**  This Order will be docketed in *In re Kwok*, Case No. 22-50073 (JAM) as well as *HK Int'l Funds Invs. (USA) Ltd. v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) and *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Adv. P. No. 22-05032 (JAM); and it is further

**ORDERED:** The Trustee will serve this Order on all Parties and on the escrow agent for the funds held in escrow pursuant to the Lady May Stipulation (ECF No. 299) and file a certificate of service demonstrating compliance with this Order on or before January 26, 2023.

Dated at Bridgeport, Connecticut this 24th day of January, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut