# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In Re: | CHAPTER 11 |
| HO WAN KWOK, GENEVER HOLDINGS CORPORATION and GENEVER HOLDINGS LLC | CASE NO.: 22-50073 (JAM) |
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., | ADV. PRO. NO.: 22-05032 |
| Plaintiff, | |
| v. | |
| HO WAN KWOK, | JANUARY 24, 2023 |
| Defendant. | |

**DEFENDANT'S OBJECTION TO
TRUSTEE'S EMERGENCY MOTION FOR ORDER (A) COMPELLING
INDIVIDUAL DEBTOR TO COMPLY WITH PRELIMINARY INJUNCTION
WITH RESPECT TO CLAIM PROCESS, (B) QUASHING INDIVIDUAL DEBTORS'
OBJECTIONS TO CLAIMS, AND (C) BARRING INDIVIDUAL DEBTOR
FROM FILING FURTHER OBJECTIONS TO CLAIMS ABSENT LEAVE OF COURT**

Defendant Ho Wan Kwok, by undersigned counsel, responds to the Trustee's Emergency Motion, filed in both this proceeding and the main chapter 11 case, asking the Court to issue an order (A) compelling Defendant to comply with the preliminary injunction with respect to the claim process, (B) quashing Defendant's objections to claims; and (C) barring Defendant from filing further objections to claims, absent leave of court (ECF 142), as follows:

1. Most, if not all, of the Trustee's Motion relates to the claims process in the main chapter 11 case where the Trustee has filed the identical Motion, as he acknowledges in footnote 6 of his Motion. Issues raised by the Trustee concerning the bankruptcy claims process in the main

chapter 11 case are more appropriately addressed in that proceeding. Thus, Defendant refers the Court to Defendant's objection to the Trustee's Motion filed in that proceeding and incorporates that objection into this objection by reference.

2.   The Trustee's request to have this Court order Defendant "and anyone in active concert or participation with" him to comply with the Court's Corrected Order of January 13, 2023 is bizarre and unnecessary. In essence, the Trustee is saying "order them to follow your order," which seems superfluous.

3.   The Trustee has offered no evidence that the Court's January 13 Order is not being followed by the Defendant and others to whom it purports to apply.

4.   The Trustee asks the Court to order Defendant "to cease all activities interfering with the claims process," relying on paragraph 2 of the Court's Preliminary Injunction Order, as corrected, of January 13, 2023 ("January 13 Order"). (Mot. ¶ 2.) Paragraph 2 of the Court's January 13 Order states, in pertinent part, "The Debtor is further preliminarily enjoined from interfering in any way with the integrity of his Chapter 11 case…including taking any act to, and/or directing or encouraging other to take any act that, threatens or encourages other to threaten the safety of Chapter 11 Trustee, [and specified others]." Although the beginning of paragraph 2 is general, the only example given relates to safety concerns. The Trustee's instant Motion does not focus on safety concerns of the people referenced in the January 13 Order. Nevertheless, to the extent the language of paragraph 2 applies to the claims process, then no further order is necessary.

5.   To the extent the Trustee is seeking an "order of contempt" (Mot. ¶ 4), he cannot short-cut the process by a parenthetical request but needs to file a separate motion, supported by clear and convincing (and admissible) evidence, to justify such extraordinary relief, which should

then be followed by notice and a hearing consistent with due process. To date, the Trustee has yet to offer any evidence that the Court's January 13 Order has been violated.

6. The Trustee fails to establish that comments attributed to Defendant undermine the claims process or violate the Court's January 13 Order. Defendant is entitled to voice his opinion with respect to the legitimacy of a particular claim that he believes is unfounded. If anything, he is helping the claims process by raising concerns about improper claims.

7. The Trustee also fails to explain how encouraging someone to file a claim if he or she believes he or she is a creditor is *undermining* the claims process. The Trustee does not offer any evidence indicating that Defendant has encouraged anyone to file a non-meritorious claim.

8. The Trustee's concerns about personal information does not make sense in the context of the claims process, which requires claimants to include their name and address on the court docket if they file a claim.

For these reasons, the Court should deny the Trustee's Motion.

                                        Respectfully submitted,

Dated: January 24, 2023         **DEFENDANT**
                                        **HO WAN KWOK**

                                        /s/ *David S. Wachen*
                                        David S. Wachen (*pro hac vice*)
                                        WACHEN LLC
                                        11605 Montague Court
                                        Potomac, MD 20854
                                        240-292-9121
                                        Fax 301-259-3846
                                        david@wachenlaw.com

                  By:    /s/ *Jeffrey Hellman*
                                        Jeffrey Hellman, Esq.
                                        Law Offices of Jeffrey Hellman, LLC
                                        195 Church Street, 10th Floor

Tel.: 203-691-8762  
Fax: 203-832-4401  
New Haven, CT 06510  
jeff@jeffhellmanlaw.com  
Federal Bar No.: ct04102

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In Re: ) | CHAPTER 11 |
| ) | |
| HO WAN KWOK, GENEVER ) | CASE NO.: 22-50073 (JAM) |
| HOLDINGS CORPORATION and ) | |
| GENEVER HOLDINGS LLC ) | |
| ) | |
| ) | |
| PACIFIC ALLIANCE ASIA ) | ADV. PRO. NO.: 22-05032 |
| OPPORTUNITY FUND L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HO WAN KWOK, ) | JANUARY 24, 2023 |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I certify that on January 24, 2023, the foregoing was electronically filed. Notice of this filing is being sent by email to all parties to the above-captioned adversary proceeding via the Court's electronic filing system, CM/ECF. Parties may access this filing through the Court's CM/ECF system.

/s/ *David S. Wachen*
David S. Wachen