**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In Re: ) | CHAPTER 11 |
| ) | |
| HO WAN KWOK, GENEVER ) | CASE NO.: 22-50073 (JAM) |
| HOLDINGS CORPORATION and ) | |
| GENEVER HOLDINGS LLC ) | |
| ) | |
| PACIFIC ALLIANCE ASIA ) | ADV. PRO. NO.: 22-05032 |
| OPPORTUNITY FUND L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HO WAN KWOK, ) | JANUARY 25, 2023 |
| ) | |
| Defendant. ) | |

### MOTION FOR LEAVE TO APPEAL PRELIMINARY INJUNCTION AGAINST DEFENDANT HO WAN KWOK

Pursuant to Rule 8004, Federal Rules of Bankruptcy Procedure, Defendant Ho Wan Kwok ("Mr. Kwok"), by and through his counsel, respectfully files this motion for leave to appeal the preliminary injunction order entered against him on January 11, 2023, as amended by subsequent order on January 13, 2023. (ECF 129 and 134, respectively). Copies of the Order of January 13, 2023 and the accompanying Memorandum of Decision are attached as Exhibits 1 and 2 respectively.

**INTRODUCTION**

Mr. Kwok is an outspoken Chinese dissident who has attracted a large following through his work of exposing the widespread corruption and repression of the Chinese Communist Party ("CCP") and casting aside the veil of secrecy that conceals the transgressions of China's political elite. Plaintiff Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") is an investment fund

1

managed by a Chinese national with extensive ties to the Chinese Communist government. Intervenor, Trustee Luc Despins, is a partner at Paul Hastings, an international law firm with three offices in China that represents Chinese government entities.

Without shame—or, seemingly, a sense of irony—Plaintiff and Intervenor, by seeking the preliminary injunction at issue and the TRO that preceded it, are employing the very tactics utilized by the Chinese government[1] to suppress speech with which it disagrees. By granting and then renewing the TROs on November 23, 2022 and December 7, 2022, respectively, and then entering an unconstitutional preliminary injunction on January 11, 2023 and a corrected order on January 13, 2023 (the "Corrected Order" or "Jan. 13 Order"), the Bankruptcy Court has infringed Mr. Kwok's core First Amendment rights, as well as the rights of numerous others who have not even had the opportunity to be heard by the court.

As interlocutory orders by federal district courts granting injunctions are appealable as a matter of right, *see* 28 U.S.C. § 1292(a)(1), this appeal should be permitted on that basis as well. To the extent the Court finds otherwise, Mr. Kwok respectfully submits this motion for leave to appeal the Jan. 13 Order.

The Jan. 13 Order is unprecedented. It cites no authority in which such broad and sweeping relief has been entered. It should be vacated because, as with the TROs before it, it is a prior restraint on Mr. Kwok's speech rights and is overly and unnecessarily broad, vague, and ambiguous. It was entered based on clearly erroneous findings of fact by the Bankruptcy Court—premised almost entirely on unreliable, inadmissible hearsay—as set forth in the Bankruptcy

---

[1] *See*, *e.g.*, Myers, Steven L. (Nov. 2, 2021). *Shutting Down Historical Debate, China Makes it a Crime to Mock Heroes*. New York Times. Available at https://www.nytimes.com/2021/11/02/world/asia/china-slander-law.html (last accessed Dec. 2, 2022).

Court's accompanying "Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction" ("Corrected Memorandum") (ECF 133).

The public nature of this controversy, involving an outspoken member of the Chinese dissident community, make the Court's restrictions on speech particularly troubling. Despite the widespread coverage of Mr. Kwok and the large number of social media posters and protesters, the Bankruptcy Court, incredibly, concluded that this was not even a matter of public concern, finding that the administration and investigation of Mr. Kwok's bankruptcy estate "gets very little press other than from Debtor affiliated outlets, such as GNews." (Corrected Memorandum at 53.) The Court offers no support or citation for this finding, and it is easily disproven. A simple Google search returns thousands of articles on every facet of Mr. Kwok's bankruptcy from outlets around the world,[2] including articles regarding the Trustee's motion to hold Mr.

---

[2] *See, e.g.,* Thomas, D. (Dec. 1, 2022) "Paul Hastings Partner Wants Guo Wengui Sanctioned for 'Smear Campaign." *Reuters.* Available at https://www.reuters.com/legal/legalindustry/paul-hastings-partner-wants-guo-wengui-sanctioned-smear-campaign-2022-12-01/; Archer, R. (Nov. 22, 2022) "Chinese Billionaire Accused of Harassing Ch. 11 Foes". *Law360*. Available at https://www.law360.com/articles/1551864/chinese-billionaire-accused-of-harassing-ch-11-foes; Randles, J. (June 15, 2022) "Judge Strips Control of Bankruptcy from Exiled Chinese Businessman." *Wall Street Journal*. Available at https://www.wsj.com/articles/judge-strips-control-of-bankruptcy-from-exiled-chinese-businessman-11655331569; Wolf, A. (July 12, 2022). "Chinese Exile Guo Says Bankruptcy Trustee is Conflicted." *Bloomberg Law*. Available at https://news.bloomberglaw.com/bankruptcy-law/chinese-exile-guo-says-bankruptcy-trustee-is-conflicted; Hill, J. (Mar. 1, 2022) "Chinese Exile's Legal Foe Calls Bankruptcy Filing 'Astonishing'". *Bloomberg*. Available at https://www.bloomberg.com/news/articles/2022-03-01/chinese-exile-s-legal-foe-calls-bankruptcy-filing-astonishing?leadSource=uverify%20wall; Thomas, D. (Dec. 1, 2022) "Paul Hastings partner wants Guo Wengui sanctioned for 'smear campaign." *Reuters*. Available at https://www.reuters.com/legal/legalindustry/paul-hastings-partner-wants-guo-wengui-sanctioned-smear-campaign-2022-12-01/; (Jan. 19, 2023). "Law firm Paul Hastings asks for sanctions in lawsuit tied to Guo Wengui". *Reuters Legal*. Available https://www.reuters.com/legal/legalindustry/law-firm-paul-hastings-asks-sanctions-lawsuit-tied-guo-wengui-2023-01-19/; Apr. 25, 2022. "150-foot luxe superyacht, $134 mn fine & bankruptcy: How a $37 mn wire transfer is keeping an exiled Chinese businessman away from jail." *Economic Times*. Available at https://economictimes.indiatimes.com/magazines/panache/150-foot-luxe-superyacht-134-mn-fine-bankruptcy-how-a-37-mn-wire-transfer-is-keeping-exiled-chinese-businessman-guo-wenguis-away-from-jail/articleshow/91070161.cms?from=mdr;

Kwok in contempt (which the Court specifically singled out as "not a matter of public concern").[3] (*Id.*) In fact, articles on these allegedly private issues have been *republished by PAX's counsel*[4]—the ones who have now joined with the Trustee in seeking injunctive relief on the premise that the public is not interested in this proceeding and Debtor, and others, may, therefore, be precluded from publicly speaking on it.[5] The Bankruptcy Court, further, entered its breathtaking order despite lacking jurisdiction because there has been no judicial finding, let alone an underlying claim, that challenges the speech restricted by the injunction.

The Court should grant leave to appeal and vacate the Bankruptcy Court's unconstitutional preliminary injunction.

Given the important fundamental rights at stake as recognized by the Bankruptcy Court, including infringement of Mr. Kwok's First Amendment rights, and the opportunity to materially

---

Berthelson, C. (Feb. 10, 2022). "Chinese Exile Guo Held in Contempt, Must Pay $134 Million." *BNN Bloomberg*. Available at https://www.bnnbloomberg.ca/chinese-exile-guo-wengui-held-in-contempt-must-pay-134-million-1.1721783; Forsythe, M., Bogdanich, W., and Hickey, B. (Feb. 19, 2019). "As McKinsey Sells Advice, Its Hedge Fund May Have a Stake in the Outcome." *New York Times*. (Discussing the dispute between Plaintiff and Mr. Kwok in an article about a third-party not related to this proceeding that was published before Mr. Kwok filed for bankruptcy). Available at https://www.nytimes.com/2019/02/19/business/mckinsey-hedge-fund.html.

[3] *See*, *e.g.*, Keller, A. (Jan. 24, 2023). "Chinese Billionaire Hit with Contempt Ruling in Ch. 11 Case." *Law360*. Available at https://www.law360.com/banking/articles/1568908/chinese-billionaire-hit-with-contempt-ruling-in-ch-11-case.

[4] May 12, 2022. "Chinese Businessman Says He Will Drop Personal Bankruptcy." *O'Melveny & Meyers* (republished from *Reuters*). Available at https://www.omm.com/our-firm/media-center/in-the-news/reuters-chinese-businessman-guo-wengui-says-he-will-drop-personal-bankruptcy-case/.

[5] *See* Redacted Transcript of Hearing on Preliminary Injunction at 715:14-718:5 (ECF 119-2) (Luc Despins testifying that "there's zero public interest, other than what your client is creating. The Wall Street Journal and all that has no interest in this case, but for what…your client is trying to accomplish…otherwise, there's zero interest in the bankruptcy case itself….it hasn't been covered in any way – the bankruptcy case itself…what happening [sic] in the case has not been covered").

advance the progress of this adversary proceeding in this matter of public importance, Mr. Kwok intends to seek certification to the U.S. Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2) but also files this Motion as required under § 158(a)(3) and Bankruptcy Rule 8002.

## I.  FACTUAL BACKGROUND

On November 22, 2022, PAX filed a Complaint (ECF 1), an application for a Temporary Restraining Order, and a Motion for Preliminary Injunction in this adversary proceeding seeking to restrain and enjoin Mr. Kwok, the debtor in bankruptcy, from exercising his First Amendment rights (ECF 3). Specifically, PAX asked the Bankruptcy Court to enjoin Mr. Kwok, and his officers, agents, servants, employees, and attorneys, as well as "other persons in active concert or participation with" him from posting allegedly "false and harassing" information on the Internet about the Chapter 11 Trustee Luc A. Despins, PAX, and related entity PAG, as well as PAX and PAG's officers or employees, counsel to PAX, counsel to the Trustee, and "any of their respective relatives," including even "ex-spouses." PAX also asked the Bankruptcy Court to enjoin Mr. Kwok from protesting or "encouraging, inciting, suggesting, or directly or indirectly funding protests at the home or office of the aforementioned persons."[6] Also on November 22, 2022, the Trustee filed a motion to intervene in the adversary action (ECF 9).

The following day, the Bankruptcy Court, after a hearing at which Mr. Kwok was neither present nor represented by counsel, granted PAX's motion for a TRO through its "Order Granting Application Temporary Restraining Order" [sic] ("Nov. 23 Order") (ECF 26), entered at 6:00 p.m. on November 23, 2022.

---

[6] The "offices" in question include those of two large, international law firms, in major cities, both domestically (*e.g.,* New York and Washington) and internationally (*e.g.,* Tokyo).

5

On December 5, 2022, the Court began what became a four-day evidentiary hearing on PAX's Motion for Preliminary Injunction. During the hearing, PAX and the Trustee presented mostly hearsay evidence as purported support for their claims. There was no evidence that Mr. Kwok personally participated in any protests or that he directed anyone to participate in a specific protest or funded the protests. In fact, three witnesses who were involved in protests or organized protests all testified that they were not directed by Mr. Kwok to protest, they were not paid by Mr. Kwok to protest, and despite being urged by Mr. Kwok on social media *not* to protest, they participated in protests anyway.

On December 7, 2022, during the pendency of the third day of the preliminary injunction hearing, the Court issued its Order Extending Temporary Restraining Order ("Dec. 7 Order") (ECF 80). Although TROs are permitted for only 14 days and may be extended for a "like period," FRCP 65(b)(2), the Dec. 7 Order states: "[t]he TRO is extended until the Court rules on the PI Motion. All of the terms and conditions of the TRO remain in effect until such time or until further order of the Court." (*Id.*)

The evidentiary hearing concluded on December 12, 2022.

On January 5, 2023, Mr. Kwok filed a notice of appeal and motion for leave to appeal the Dec. 7 Order (ECF 123 and 124) on the basis that: (i) it constitutes an unconstitutional prior restraint on Mr. Kwok's free speech; (ii) the Bankruptcy Court violated Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65 by allowing the Dec. 7 Order to remain in effect in excess of the time permitted by the statute; and (iii) lack of subject matter jurisdiction.[7] The appeal is pending. (*In re Kwok*, 3:23-cv-00040-KAD (D. Conn.).)

---

[7] Although Mr. Kwok filed the notice of appeal and motion for leave to appeal on January 5, 2023, the Bankruptcy Court did not transmit them to the District Court until January 10, 2023 (ECF 125-127).

On January 11, 2023, the Bankruptcy Court entered its Order Granting in Part Motion for Preliminary Injunction (ECF 129), accompanied by its Memorandum of Decision (ECF 128). On January 13, 2023, the Bankruptcy Court issued a corrected Order, making minor changes to its earlier order (the "Jan. 13 Order" or the "Corrected Order") (ECF 134), accompanied by its Corrected Memorandum of Decision (ECF 133).

The eight-page Jan. 13 Order imposes extraordinary, confusing, and contradictory restrictions on Mr. Kwok's right to protest, picket, parade, or distribute so-called "harassing material" at or near the homes or offices of the Trustee, PAX, and their attorneys, employees, and relatives. (Jan 13 Order ¶ 1.) It does not, however, identify by name or address the literally thousands of people[8] whose "homes or residence" before or about which protesting, picketing, parading,[9] or displaying or distributing "harassing material" is prohibited. It also enjoins Mr. Kwok from publishing online the home addresses and other personal information of the Trustee, officers or employees of PAX or its affiliates, and their attorneys and relatives, even though there was no evidence at the hearing that he had ever done so. (*Id*. ¶ 1(g).) As the Jan. 13 Order purports to enjoin protesting near the offices of counsel for PAX and the Trustee, the prohibited areas of protesting, picketing, parading, or displaying or distributing harassing material include large swaths of Grand Central Station and Times Square[10] in New York as the offices of counsel are in or near those locations. For relatives of the Trustee, PAX officials, and certain others, the Jan. 13 Order prohibits protesting within 36 feet or 100 feet (the order confusingly refers to both

---

[8] Paragraph 1(c) purports to cover not only the Chapter 11 Trustee and PAX, the two parties who sought the injunction, but also their officers or employees, their counsel, and *"any of their respective relatives (including former spouses)."* (Emphasis added.) In other words (and for no apparent reason), protests in front of the house of an ex-spouse of a secretary from Paul Hastings, the Trustee's 1,000-lawyer, international law firm, is prohibited. This is just an example of the unidentified thousands of homes that are protected from protest by the Bankruptcy Court's sweeping, indiscriminate, imprecise, and blatantly unconstitutional Jan. 13 Order.

[9] The Court's Order effectively bans participation in any type of parade, regardless of the occasion.

[10] The Court's Order effectively bans any participation in the Macy's Thanksgiving Parade because PAX's counsel's New York offices appear to be on the parade route.

7

limitations) of their offices or workplaces, including universities and schools. (*Id*. ¶¶ 1(d) and (e).)

The Bankruptcy Court defines "harassing material" as including certain "disparaging allegations" about the Trustee, PAX or its affiliates, including that they are agents of the Chinese Communist Party (*Id*. ¶1(h)), notwithstanding that the law firms for PAX and the Trustee have represented Chinese government-owned entities in certain transactions—a fact that the firms freely and proudly publicize— and each has three offices in China. Similarly, the Jan. 13 Order prohibits distribution of material that "depicts, describes or accuses the Chapter 11 Trustee, PAX or its affiliates, PAX's or its affiliates officers or employees, counsel to the Chapter 11 Trustee or PAX or its affiliates *and any of their respective relatives (including former spouses)*" as being, among other things, "extortionists, anti-Semites, racists, [or] supporters of genocides," regardless of whether such descriptions accurately describe the individuals in question. (Jan. 13 Order at 5 (emphasis added).)

The Jan. 13 Order states that it enjoins "the Debtor from encouraging, inciting, suggesting, or directly or indirectly funding any activity enjoined by [the preceding sections of the injunction] via any form of communication including without limitation, social media" (*Id*. ¶ 1(h)), but the restrictions in paragraph 1 of the order refer only to the "Debtor," *i.e*., Mr. Kwok, from protesting (or publishing personal information). A later paragraph in the Jan. 13 Order states that "the Debtor, his officers, his agents, his servants, his employees, his attorneys, and other persons who are in active concert or participation with the Debtor, his officers, his agents, his servants, his employees, and his attorneys are bound by this Order," but it is unclear if the prohibition on "encouraging, inciting, suggesting, or directly or indirectly funding" applies solely to Mr. Kwok's protesting (even though there was no evidence presented that Mr. Kwok engaged

8

in any protests) or to anyone engaging in the protests. The Jan. 13 Order also restricts Mr. Kwok from "interfering in any way with the integrity of his Chapter 11 case," but does not define what it means to interfere with the integrity of the Chapter 11 case, other than to "take any act that, threatens, or encourages others to threaten the safety of Chapter 11 Trustees [or other specified persons]." (*Id.* ¶¶ 1(h), 2.) The Jan. 13 Order further requires Mr. Kwok to take down all existing social media posts on accounts that he allegedly uses or controls, including accounts that he may or may not control that, among other things, "encourage, incite, or suggest any activity enjoined by paragraphs 1 and/or 2 of this Order." (*Id*. ¶ 3.).

## II.      QUESTIONS PRESENTED

1)      Whether the Bankruptcy Court, by issuing its Jan. 13 Order on the preliminary injunction and the prior Dec. 7 and Nov. 23 Orders on the Temporary Restraining Orders, violated Mr. Kwok's First Amendment rights because the orders are vague, ambiguous, and overly broad, and unconstitutionally restrict Mr. Kwok's speech, right to protest, and right of association.

2)      Whether the Bankruptcy Court was clearly erroneous in making certain factual findings in support of the Jan. 13 Order, including but not limited to its factual findings that Mr. Kwok has control over third parties who engaged in protests or distributed leaflets, and/or published social media posts, and/or in relying almost entirely on inadmissible, unreliable hearsay for its factual findings.

3)      Whether the Jan. 13 Order is improperly overbroad and a restriction on Mr. Kwok's ability to assert and pursue his rights in this adversary proceeding and the main chapter 11 bankruptcy case to the extent it purports to prohibit Mr. Kwok from "interfering *in any way* with the integrity of his Chapter 11 case." (Emphasis added.)

4) Whether the Bankruptcy Court had jurisdiction to enter the injunctions, including whether Plaintiff had even stated a claim upon which relief could be granted.

### III. RELIEF SOUGHT

Reversing and vacating the Bankruptcy Court's Preliminary Injunction Order of January 13, 2023.

### IV. REASONS FOR GRANTING LEAVE TO APPEAL

1) The Jan. 13 Order (and earlier Dec. 7 and Nov. 23 Orders) constitutes a gross violation of Mr. Kwok's First Amendment rights. The Jan. 13 Order is sweeping and improperly overbroad in its restrictions. It reflects a content-based restriction on speech. It is in many places incomprehensible and contradictory. On its face, it plainly violates the very Supreme Court precedent on which it purports to rely. For these reasons, this Court should reverse and vacate the Bankruptcy Court's unconstitutional Jan. 13 Order.

2) The Jan. 13 Order imposes a prior restraint on Mr. Kwok's speech and right to protest. As "the chief purpose of the guaranty [of the First Amendment is] to prevent previous restraints upon publication," *Near v. Minnesota*, 283 U.S. 697, 713 (1931), this Court should grant leave to hear the appeal to ensure that Mr. Kwok's First Amendment rights are preserved and protected. It is well-established that appellate courts must "look at the injunction as [they] look at a statute, and if upon its face it abridges rights guaranteed by the First Amendment, it should be struck down." *United Transp. Union v. State Bar of Mich.*, 401 U.S. 576, 581 (1971). This Court has an obligation to strike down the Jan. 13 Order because it abridges rights guaranteed by the First Amendment.

3) The Jan. 13 Order unreasonably seeks to hold Mr. Kwok accountable for actions of third parties over whom he has no control. The Bankruptcy Court's findings that Mr. Kwok

somehow controls the protesters are clearly erroneous. There was no evidence that any protesters are or were employees of Mr. Kwok or any companies that he owns or controls, or that any such protesters were paid by Mr. Kwok. At most, the evidence established that certain protesters were fans of Mr. Kwok, believed in his efforts to speak out against the Chinese Communist regime, and disagreed with controversial actions taken by the Bankruptcy Trustee. But that cannot form the basis for holding Mr. Kwok legally responsible for the actions of those individuals.

      4)      The Jan. 13 Order also unfairly restricts Mr. Kwok's ability to protect his rights in the Chapter 11 case by enjoining him from "interfering in any way with the integrity of his Chapter 11 case" without defining what actions purportedly "interfere with the integrity," beyond threats to safety of certain individuals. It appears that the Trustee believes that any criticism of his actions would constitute interference with the integrity of the Chapter 11 case, but the First Amendment does not permit the court to shield anyone, and especially officers of the court, from criticism. This Court should grant leave to appeal to ensure Mr. Kwok's rights as a debtor are adequately and fairly protected.

      5)      The Bankruptcy Court also lacked jurisdiction to enter the Nov. 23, Dec. 7, and Jan. 13 Orders, absent some underlying cause of action. The Plaintiff asserted no private right of action; it sued only for an injunction citing 28 U.S.C. §1651(a) and 11 U.S.C. § 105(a). While these provisions bolster the powers given to federal courts to aid them in governance over legal proceedings, neither statute provides for a private right of action and the Bankruptcy Court cited no authority that invoked these statutes to infringe the First Amendment rights of a debtor or anyone else. Further, to the extent that the causes of action rely upon private rights as opposed to public rights, the preliminary injunction exceeds the Bankruptcy Court's constitutional authority. *Stern v. Marshall*, 564 U.S. 462 (2011).

## V. CONCLUSION

For the foregoing reasons, Defendant Ho Wan Kwok respectfully requests that the Court grant him leave to pursue his appeal of the Jan. 13 Order and its abridgement of his fundamental First Amendment rights.

Dated: January 25, 2023

**DEFENDANT**
**HO WAN KWOK**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
Tel.: 203-691-8762
Fax: 203-832-4401
New Haven, CT 06510
jeff@jeffhellmanlaw.com
Federal Bar No.: ct04102

/s/ *David Wachen*
David Wachen (*pro hac vice*)
Wachen LLC
11605 Montague Court
Potomac, MD 20854
Tel.: 240-292-9121
Fax: 301-259-3846
david@wachenlaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In Re: ) | CHAPTER 11 |
| ) | |
| HO WAN KWOK, GENEVER ) | CASE NO.: 22-50073 (JAM) |
| HOLDINGS CORPORATION and ) | |
| GENEVER HOLDINGS LLC ) | |
| ) | |
| ) | |
| PACIFIC ALLIANCE ASIA ) | ADV. PRO. NO.: 22-05032 |
| OPPORTUNITY FUND L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HO WAN KWOK, ) | JANUARY 25, 2023 |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I certify that on January 25, 2023, the foregoing was electronically filed. Notice of this filing is being sent by email to all parties to the above-captioned adversary proceeding via the Court's electronic filing system, CM/ECF. Parties may access this filing through the Court's CM/ECF system.

/s/ *David S. Wachen*
David S. Wachen