**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In Re: ) | CHAPTER 11 |
| ) | |
| HO WAN KWOK, GENEVER ) | CASE NO.: 22-50073 (JAM) |
| HOLDINGS CORPORATION and ) | |
| GENEVER HOLDINGS LLC ) | |
| ) | |
| PACIFIC ALLIANCE ASIA ) | ADV. PRO. NO.: 22-05032 |
| OPPORTUNITY FUND L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HO WAN KWOK, ) | JANUARY 25, 2023 |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Pursuant to Rule 7008, Federal Rules of Bankruptcy Procedure, Defendant Ho Wan Kwok ("Mr. Kwok"), by and through his counsel, respectfully files this Answer to Plaintiff's Complaint (ECF No. 4).

1. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 1.

2. The filings are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 2.

3. Paragraph 3 calls for a legal conclusion, no response is required. To the extent that a response is necessary, on advice of counsel, Defendant invokes his privileges and rights

1

under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 3.

4. PAX's filings are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 calls for a legal conclusion to which no response is required.

6. Paragraph 6 calls for a legal conclusion to which no response is required. To the extent a response is necessary, on advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 6.

7. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 7.

## THE PARTIES

8. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

## FACTUAL BACKGROUND

10. The documents are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 10.

11. The judgment is a writing that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 11.

12. The orders are documents that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 12.

13. The motion and orders are documents that speak for themselves.

14. The order is a writing that speaks for itself.

15. The filing is a document that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 15.

16. The motions and orders are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 16.

17. The motions are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 17.

18. The orders and filing are writings that speak for themselves.

19. The order is a writing that speaks for itself.

20. The motion and order are filings that speak for themselves.

21. The motion is a writing that speaks for itself. The court record on the hearing likewise speaks for itself. Defendant admits the remainder of the factual allegations in paragraph 21.

22. The complaint is a writing that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 22.

23. The motion is a writing that speaks for itself. Defendant admits the remainder of the allegations in paragraph 23.

24. The order is a writing that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 24.

25. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 25.

26. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 26.

27. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 27.

28. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 28.

29. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 29.

30. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegation in paragraph 30.

31. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 31.

32. The posts are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegation in paragraph 32.

33. The leaflets are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 33.

34. The Trustee's pleading is a writing that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegation in paragraph 34.

35. The signs are writings that speak for themselves. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegation in paragraph 35.

36. The record of the court hearing speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 36.

37. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 37.

38. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 38.

39. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the remainder of the allegations in paragraph 39.

40. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 40.

41. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 41.

42. The post is a communication that speaks for itself. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 42.

43. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegation in paragraph 43.

## **CLAIM FOR RELIEF**

### **COUNT ONE**

44. Defendant incorporates by references his response to paragraphs 1-43 of the Complaint.

45. Paragraph 45 states a legal conclusion to which no response is required.

46. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 46.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, on advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 47.

48. Paragraph 48 states a legal conclusion to which no response is required.

49. Paragraph 49 states a legal conclusion to which no response is required.

50. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 50.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, on advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 51.

## COUNT TWO

52. Defendant incorporates by references his response to paragraphs 1-43 of the Complaint.

53. Paragraph 53 states a legal conclusion to which no response is required.

54. On advice of counsel, Defendant invokes his privileges and rights under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 54.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, on advice of counsel, Defendant invokes his privileges and rights

under the 5th Amendment to the U.S. Constitution and declines to respond to the allegations in paragraph 55.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

56. The claims in the Complaint are barred in whole or in part because the Court lacks subject matter jurisdiction to hear them.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

57. The claims in the Complaint are barred in whole or in part because Plaintiff fails to state a claim on which an award of injunctive relief can be made against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (No Private Right of Action)

58. The claims in the Complaint are barred in whole or in part because none of the statutes relied upon by Plaintiff allow for a private right of action.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

59. The claims in the Complaint are barred in whole or in part because Plaintiff does not have standing to assert claims on behalf of the third parties that the Complaint alleges to have been injured by Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Constitutional Limit)

60. The claims in the Complaint are barred in whole or part by the First and Fifth Amendments of the U.S. Constitution.

### SIXTH AFFIRMATIVE DEFENSE
### (Against Public Policy)

61. The claims in the Complaint are barred in whole or in part because the injunctive relief sought by Plaintiff is contrary to public policy.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

62. The claims in the Complaint are barred in whole or in part because Plaintiff filed the Complaint with unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

63. The claims in the Complaint are barred in whole or in part because Defendant was not the proximate or legal cause of the alleged injury.

### NINTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

64. The claims in the Complaint are barred in whole or in part because Plaintiff's injury, if any, was caused by third persons.

### TENTH AFFIRMATIVE DEFENSE
### (Truth)

65. The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant are true and subject to absolute privilege.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Substantial Truth)

66. The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant that may happen to lack 100% factual veracity are substantially true, and thus treated as true.

## TWELVTH AFFIRMATIVE DEFENSE
### (Opinion)

67.     The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant that are not true or substantially true are protected opinion.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Privilege – Common Interest)

68.     The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant were made to persons with whom he shared a common interest and are subject to qualified privilege.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Privilege – Litigation)

69.     The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant in the course of litigation are subject to qualified privilege.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Public Figure)

70.     The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant were made regarding persons who are public figures and/or limited purpose public figures.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Fault)

71.     The claims in the Complaint are barred in whole or in part because all alleged false and defamatory statements made by Defendant were made without negligence, recklessness, actual malice, common-law malice, or constitutional malice.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

72. The claims in the Complaint are barred in whole or in part because Plaintiff failed to take steps to prevent or minimize their injury.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Right to Add Additional Defenses)

73. Defendant reserves the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

Dated: January 25, 2023    **DEFENDANT**
    **HO WAN KWOK**

By:    /s/ *Jeffrey Hellman*
    Jeffrey Hellman, Esq.
    Law Offices of Jeffrey Hellman, LLC
    195 Church Street, 10th Floor
    Tel.: 203-691-8762
    Fax: 203-832-4401
    New Haven, CT 06510
    jeff@jeffhellmanlaw.com
    Federal Bar No.: ct04102

    /s/ *David S. Wachen*
    David S. Wachen (*pro hac vice*)
    WACHEN LLC
    11605 Montague Court
    Potomac, MD 20854
    240-292-9121
    Fax 301-259-3846
    david@wachenlaw.com

11

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In Re: ) | CHAPTER 11 |
| ) | |
| HO WAN KWOK, GENEVER ) | CASE NO.: 22-50073 (JAM) |
| HOLDINGS CORPORATION and ) | |
| GENEVER HOLDINGS LLC ) | |
| ) | |
| ) | |
| PACIFIC ALLIANCE ASIA ) | ADV. PRO. NO.: 22-05032 |
| OPPORTUNITY FUND L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HO WAN KWOK, ) | JANUARY 25, 2023 |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I certify that on January 25, 2023, the foregoing was electronically filed. Notice of this filing is being sent by email to all parties to the above-captioned adversary proceeding via the Court's electronic filing system, CM/ECF. Parties may access this filing through the Court's CM/ECF system.

/s/ *David S. Wachen*
David S. Wachen